## KELLOGG ET AL *vs.* CLARK.

### APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

All the intervening parties to a suit, having an interest in the judgment, must be made parties to the appeal, or it will be dismissed.

This is an action against the defendant, captain Clark, of the steamer Brilliant, as drawee and acceptor of a draft. There was a confession of judgment, with privilege on the steam-boat for the amount of the draft. Manning and Wilson intervened and made opposition, and prayed to have their claims against said steam-boat allowed, by privilege and preference over other creditors, being for supplies furnished.

The boat's crew, and others, presented privileged claims against the boat, which *were ordered to be paid*, as such, out of the proceeds of sale.

Judgment was given, allowing only part of the claims of Manning and Wilson, and they appealed. The original plaintiffs, Kellogg, Kennett & Co., and the defendant, Clark, were alone made appellees, while there were many other claimants, who had also had judgment to be paid out of the proceeds of the boat.

*G. B. Duncan,* for the plaintiffs.

*M'Millen,* for the appellants.

*Martin, J.,* delivered the opinion of the court.

Judgment having been confessed with a privilege on the steam-boat Brilliant, a considerable number of claimants intervened and presented claims for wages, supplies, &c., with a like privilege on the proceeds of the boat, two of whom, to wit: Manning and Wilson, are appellants from the final judgment settling the claims and privileges of the plaintiffs and intervening parties. The plaintiffs and defendant are the only appellees.

The appellants complain that they have not been allowed the privilege to which they were legally entitled. As a reversal of the, judgment must affect the rights of the other intervening parties who have had their privileges allowed; and, as the allowance of new privileges must diminish the funds out of which these privileged claims are to be satisfied, *all the intervenors* ought to have been parties to this appeal; because, any change in the judgment must *affect their rights.* Whoever claims relief at our hands against a judgment, must bring before us all the parties thereto, who have an interest in its remaining undisturbed.

The appeal must, therefore, be dismissed, with costs.

*Eastern Dist.*
*May,* 1840.

All the intervening parties to a suit having an interest in the judgment, must be made parties to the appeal, or it will be dismissed.