Simon, J.
This case comes up in a very irregular way. It was originally an action instituted by the plaintiffs as heirs of one Peter Stearnes, deceased, against the administrator of the estate of the latter, to be put in possession of said estate, and to compel said administrator to deliver up to them, as heirs, all the effects of the succession in kind, and to render them a full and final account of his administration, &c. This petition was followed by an amended one, filed before issue joined, in which the plaintiffs state the nature of the rights of the deceased against the community existing between him and his widow.
The administrator answered by filing an account, stating that the estate is indebted to various creditors ; that the plaintiffs, if entitled to any portion of the suecéssion, cannot take it without first paying the debts; and that the wife of the deceased is en *204 titled to, and claims one-half'of the property left at his decease, as community property. He prays, that the wife of the deceased be made a party to the suit, and that the property of the succession be sold to pay off the creditors, and that his account be homolo-gated.
In the course of the proceedings, certain creditors of the succession intervened to oppose the plaintiff’s demand, until they shall have paid their debts or given security. They require a sale of the property for cash, or that the plaintiffs be ruled to give security.
The plaintiffs filed a written motion to dismiss the creditors’ opposition, and subsequently filed their opposition to the account of the administrator. The heirs afterwards filed an amended petition, propounding interrogatories to the administrator and to the widow ; and, at divers subsequent times, they filed other amended petitions, which were all received and permitted by the court, except one in which they propounded interrogatories to the administrator and to the intervening creditors, which, having been rejected by the court, is the subject of a bill of exceptions.
The claim of the intervening creditors was investigated, and the court rendered an interlocutory judgment, ordering the property of the estate to be sold for cash to an amount sufficient to satisfy the sum proved to be due to the intervenors; and ordering all the property of said estate to be sold to pay the debts. This became the subject of a motion for a new trial on the part of the plaintiffs, which was overruled.
The plaintiffs then filed another amended petition, propounding interrogatories to the administrator and the widow ; which were answered by them respectively; and afterwards, the widow filed her amended answer, in which she sets forth the nature and extent of her claims against the community. The pretensions of the wife were answered by the plaintiffs: depositions were taken by virtue of commissions; other amendments were filed to the pleadings; divers bills of exceptions were taken ; a plea to the jurisdiction was also introduced by the administrator; and the court, a qua, finally rendered judgment on some of the points in controversy; refused to dismiss the administrator ; and ordered that property of the estate should be sold sufficient to pay the *205 debts, as heretofore ordered, and that the balance be sold under the terms which the plaintiffs and the widow may agree on, or, after hearing them, if they disagree ; that, after said sale and the payment of the debts, the proceeds be divided between the parties according to their legal rights (not liquidated); that the administrator continue to collect the credits and notes of the estate ; .that he render an account of his administration after the sale, or every twelve months thereafter, in which he shall include all the different charges, for or against the parties or the community, established by the decree; and that afterwards said community be equally divided between the plaintiffs and the widow, <fcc. From this judgment the record shows, that the plaintiffs and intervener appealed, and the order of the court rendered on their motion states that a devolutive appeal is granted to them, on each of them furnishing bond and security in the amount of one hundred dollars. Only one bond was filed ; it was executed by the widow, (the party called in the suit by the administrator,) in favor of the plaintiffs, who, in the order, are appellants, and the administrator, and it does not appear that the creditors, Singleton, who had also intervened, and in whose favor a judgment was rendered, were included among the appellants or the ap-pellees.
The proceedings by which this appeal has been brought up, are so irregular, that, although no motion has been made to dismiss it, we feel bound to refuse taking cognizance of it, not only because the appellants have been made appellees, but principally because all the parties interested in maintaining the judgment appealed from, are not be foreus. Under our present laws fixing the manner in which appeals are to be taken, there is no other way, when an appeal has been granted on motion in open court, to compel the appellees to take notice of the appeal and to appear before us, than by including their names in the appeal bond, which is to be given in their favor ; this was not done with regard to the creditors of the succession who had intervened in the cause for the protection of their rights, although they are interested in the judgment appealed from ; and we have often said, that all the parties who are interested that the judgment should remain undisturbed, must be made parties to the appeal, or it *206 will be dismissed; (12 La. 271. 16 Ib. 109. 17 Ib. 346. 3 Rob. 436;) and that the rule applies to intervening parties to a suit having an interest in the judgment. 15 La. 362. Their not appealing will make us presume, that being satisfied with the judgment, they have acquiesced in it; but they should then be brought before us as appellees, on the appellant’s giving a bond in their favor according to law.

Appeal dismissed.