Decided June 8, 1909.

## BARDE v. WILSON.

[102 Pac. 301.]

APPEAL AND ERROR—NOTICE ON APPEAL IN OPEN COURT.

1. The abstract on appeal, showing verdict was rendered November 9th (by mistake for December 9th), contained a journal entry that on December 19th plaintiff's motion "to set aside the verdict * * and the judgment entered thereon" was denied, and thereupon plaintiffs in open court gave notice; also a journal entry that on December 19th, the verdict having been returned that day, judgment was rendered for defendant. *Held*, that from the recital that the motion was to set aside the judgment, as well as the verdict, and the presumption that the court, as was its duty under Section 201, B. & C. Comp., as amended by Laws 1907, p. 312, § 4, gave judgment on the day verdict was returned, there was no doubt that the judgment was not given or entered December 19th, but there was a mistake in such date, so that notice of appeal in open court was not given at the time judgment was rendered, as required by Section 549, B. & C. Comp.

APPEAL AND ERROR—NOTICE OF APPEAL—NECESSITY.

2. Notice of appeal must be served in the manner and at the time prescribed by the statute to give the appellate court jurisdiction of the subject-matter; and the right to hear and determine the cause cannot be given by consent of the parties, or by the court waiving strict compliance with the statute.

From Multnomah: EARL C. BRONAUGH, Judge.

This is an action by M. Barde and others against J. T. Wilson. From a judgment in favor of defendant, plaintiffs appeal. Respondent files motion to dismiss the appeal.                                        DISMISSED.

ON MOTION TO DISMISS.

*Mr. Alex Bernstein* for the motion.

*Mr. R. R. Giltner, contra.*

PER CURIAM: The defendant's attorney calls attention to the transcript in this action, sent up by the clerk of the trial court, and moves to dismiss the appeal on the ground that the notice was not given at the proper time. The plaintiffs' attorney relies upon a stipulation of the parties, wherein it is specified that the appeal shall be tried on a printed record, and maintains that, according to the terms of the agreement, an abstract was served on the adverse party and filed in this court; that the synopsis

filed shows that a notice of appeal was given in open court when the judgment was rendered; that upon service of the abstract, if the defendant's attorney had considered it imperfect or unfair, and desired to file an amended abstract, he had ten days in which to do so (Rule 5 of the Supreme Court, 50 Or. 572: 91 Pac. viii) ; that he did not take advantage of this right, and, by reason thereof, is estopped to dispute the correctness of the statements contained in the abstract filed—and especially so, when no motion to dismiss the appeal was made until after the time for serving another notice had expired.

1. It is manifest from the abstract that a verdict for the defendant was given November 9, 1908, and that a motion to set aside the verdict and for a new trial was filed the next day and overruled December 19, 1908. The entry made in the journal at that time, omitting the immaterial parts, is as follows:

"Now, at this time, this cause coming on to be heard (on) the notice filed herein by plaintiffs to set aside the verdict of the jury heretofore returned in the above-entitled action and the judgment entered thereon, and to grant plaintiffs a new trial, * * and the court having heard the arguments of counsel for and against the motion, and being fully advised in the premises, it is ordered that said motion be and the same is hereby denied. Thereupon counsel for plaintiffs in open court gave notice of appeal from the judgment entered herein in favor of the defendant and against the plaintiffs, and from the whole thereof, to the Supreme Court of the State of Oregon.      (Signed)      Earl C. Bronaugh, Judge."

Immediately after the entry noted, the following statements appear in the abstract, to-wit:

"And afterwards, on the 19th day of December, 1908, it being the 12th day of said term, the following judgment was rendered (omitting title). 'Now, at this time, this cause coming on to be heard, on motion of counsel for defendant for judgment on the verdict, and it appearing to the court that the jury duly impaneled in the

above-entitled cause, has on this day returned into open court their verdict in favor of the defendant and against the plaintiffs, in the sum of $472.90. It is, therefore, considered and ordered by the court that the defendant do have and recover of and from the above-named plaintiffs the sum of four hundred seventy-two and 90-100 ($472.90) dollars, and for his costs and disbursements in this action allowed and taxed at $53.95, and that execution issue therefor.

(Signed)                    Earl C. Bronaugh, Judge.'"

The abstract, so far as essential, concludes as follows:

"Plaintiffs at this time by their attorneys * * gave notice in open court that the plaintiffs appeal from the above judgment and from the whole thereof to the Supreme Court of the State of Oregon, which said appeal is hereby allowed. Dated this 19th day of December, 1908."

A party to a judgment in any action, desiring to appeal therefrom, may, by himself or attorney, give notice in open court at the time the judgment is rendered that he appeals from the decision or from some specified part thereof to the court to which the appeal is sought to be taken. Section 549, B. & C. Comp. When a trial has been had by a jury, judgment shall be given by the court in conformity with the verdict and so entered by the clerk within the day on which the verdict is returned. Section 201, B. & C. Comp., as amended by Laws 1907, p. 312, § 4.

The abstract states that the verdict was returned November 9, 1908, but an error was undoubtedly made in naming the month. It should have been December. As the judgment was required to be given and entered within the day on which the verdict was returned, the oral notice of appeal could have been given only on December 9, 1908. The first journal entry hereinbefore set forth states that the motion, which was overruled December 19, 1908, was invoked "to set aside the verdict of the jury heretofore returned in the above-entitled action and the judgment entered thereon"; thus impliedly

showing that the judgment had been entered prior to the denial of the motion for a new trial. The second journal entry quoted contains the following finding:

"And it appearing to the court that the jury duly impaneled in the above-entitled cause has on this day returned into open court their verdict," etc.

It thus inferentially appears that the judgment was given and entered, as by law required, on December 9, 1908. The recitals to which attention has been called, supplemented as they are by the presumption that official duty has been regularly performed, leave no doubt that the judgment rendered on the verdict was not given or entered December 19, 1908, as stated in the abstract, so that, relying upon the abstract alone, we must conclude that the day of the month thus stated was erroneously given.

2. The proper giving of a notice of appeal relates to jurisdiction of the subject-matter, in that it must be served at the time and in the manner prescribed by statute, which is a grant of sovereign power. This right to hear and determine a cause cannot be conferred by consent of the parties, nor can a strict observance of the requirements of a statute be waived by a court.

Since the notice of appeal, which was oral, was not given at the time the judgment was rendered, it follows that the appeal ought to be dismissed, and it is so ordered.

DISMISSED.