## JUBITZ v. GRESS.
## HIBERNIA SAVINGS BANK v. GRESS.*

(175 Pac. 79; 187 Pac. 1111.)

**Appeal and Error — Notice of Appeal — Acceptance of Service by Attorney.**

1. Where attorney for three defendants admitted service of notice of a cross-appeal by another defendant, signing himself as "attorney for [one of his clients] et al.," the acceptance of service was sufficient only as to the named client.

---

*As to question as to whether liquor license is an asset, see note in 2 L. R. A. (N. S.) 626.                        REPORTER.

**Appeal and Error—Notice of Appeal—"Adverse Party."**

2. Three defendants, in suits to foreclose mortgages, who appealed, *held* "parties adverse" to another defendant, cross-appellant, who failed to give them notice of his appeal, as required by statute; an "adverse party" being any party whose interest is in conflict with modification or reversal of the decision.

## ON THE MERITS.

**Action—Pleadings in Mortgage Foreclosure Suit Construed to Allege but a Single Cause of Action.**

3. In a suit to foreclose a mortgage securing a lease of a hotel and by contract also securing repayment to an estate of money loaned to prior lessee for a liquor license, which license was transferred to lessee, who thereby secured a new license, the estate filing a cross-complaint setting up its interest, there was no improper joinder of causes of action, as the default entitling complainant and cross-complainant to a foreclosure was the one cause of action.

**Mortgages—Failure to Make Agent a Party in Foreclosure not Fatal, Where Principal is a Party.**

4. In mortgage foreclosure suit, an agent of a party known by defendant to be an agent need not be made a party, as principal is real party in interest.

**Intoxicating Liquors — Unincorporated Trustees of Estate Operating Brewery not Forbidden by Ordinance to Have Retail License— "Association."**

5. Unincorporated trustees of an estate, operating brewery of deceased, do not come within the terms of an ordinance, providing that no retail liquor license shall be granted either by original issue or transfer to any corporation, copartnership, or association of persons, but the same may be granted to the individual members of a firm or copartnership, as an association may be defined to be a body of persons acting together without a charter, but on the methods and forms used by incorporated bodies for the prosecution of the common enterprise.

**Intoxicating Liquors—Transfer of Retail License by Authorization of Trustees of an Estate Having Equitable Interest in License not Invalid.**

6. A contract whereby trustees of an estate of a deceased brewer, who had advanced money to lessee of hotel to procure a liquor license, permitted the lessee to transfer the license to another lessee on consideration that they would be protected by the mortgage given by such latter lessee to owner of hotel was not an invalid transfer of a liquor license; the ordinance expressly authorizing transfer of licenses, and trustees not coming within prohibited class mentioned in the ordinance.

**Mortgages—Want of Consideration must be Pleaded.**

7. Want of consideration to be a defense to action on note and to foreclose mortgage must be pleaded.

Mortgages—By Mother-in-law of Lessee to Secure Performance of Lease Supported by Sufficient Consideration.

8.   Mortgage, given by mother-in-law of a lessee of hotel to secure performance of lease in consideration of the leasing of the hotel and the transfer of the liquor license to lessees, was supported by sufficient consideration.

From Multnomah: JOHN P. KAVANAUGH, Judge.

This is a motion to dismiss an appeal. The facts are as follows: This cross-appeal is from a decree of the Circuit Court for Multnomah County in two causes consolidated by the court into one. Both causes originated in suits to foreclose mortgages upon a tract of real property in Multnomah County. Cross-appellant, Julius Haase, was a defendant in each suit, and by answers and cross-complaint claimed a lien upon the real property prior to those of the plaintiffs in the two suits and alleged that a conveyance of the land in question from Fred Brakebush and Minnie Brakebush to Karoline Janicke was in fraud of creditors, and prayed that it be set aside. The decree of the Circuit Court gave a personal judgment to plaintiff, Hibernia Savings Bank, against Karoline Janicke, Fred Brakebush and Minnie Brakebush; also a personal judgment in favor of plaintiffs, Jubitz and Everett, against Fred Brakebush and George Gress; also a personal judgment in favor of defendants. Louise Weinhard, Anna Wessinger, Paul Wessinger and Henry Wagner, executrices and executors, respectively, of the last will and testament of Henry Weinhard, deceased, against George Gress, Fred Brakebush, Minnie Brakebush and Karoline Janicke. The decree then directed the foreclosure of the two mortgages and provided that the proceeds of the sale, after the payment of the expenses of the sale, be applied:

First, to pay the judgment of Hibernia Savings Bank against Karoline Janicke, Fred Brakebush and Minnie Brakebush;

Second, to pay the judgment of R. G. Jubitz and E. Everett against Fred Brakebush and George Gress;

Third, to pay the judgment in favor of the said executors and executrices of the last will and testament of Henry Weinhard, deceased, against George Gress, Fred Brakebush, Minnie Brakebush and Karoline Janicke;

Fourth, to the payment of the amounts found due defendant, John Ker, Trustee.

The decree further declared valid the conveyance from Fred Brakebush and Minnie Brakebush to Karoline Janicke, which cross-appellant, Julius Haase, had alleged to be in fraud of creditors. The decree further enjoined defendants, George Gress, Karoline Janicke, Julius Haase, the present cross-appellant, and Otto Ganguin, from asserting any right, title or interest in or to said real property. From this decree defendants, George Gress, Fred Brakebush, Minnie Brakebush and Karoline Janicke, appealed. Following their appeal defendant Julius Haase also served a notice of appeal, which is not directed to nor was it served upon defendant, George Gress. The attorney for Fred Brakebush, Minnie Brakebush and Karoline Janicke admitted service, signing himself as "Attorney for Fred Brakebush et al.," and no other or different service was made upon Minnie Brakebush or Karoline Janicke.     Cross-appeal Dismissed.

For the motion: *Messrs. Clark, Skulason & Clark,* for Jubitz and Everett.

*Messrs. Wood, Montague & Hunt* and *Mr. M. M. Matthiesen,* for Louise Weinhard et al.

*Messrs. Wilbur & Spencer* and *Mr. F. C. Howell,* for John Ker, Trustee.

*Mr. W. C. Campbell,* for appellants.

*Messrs. Schmitt & Schmitt,* for Otto Ganguin.

*Mr. A. C. Spencer* and *Mr. John F. Reilly,* for Hibernia Savings Bank.

*Contra, Mr. Arthur Gotzhausen* and *Mr. Arthur Langguth,* for cross-appellant.

McBRIDE, C. J.—1. There was no service of the notice of the cross-appeal upon defendant Gress, and the acceptance of service by Campbell was only sufficient as to Fred Brakebush. The addition of the observation *"et al."* does not indicate with sufficient certainty who the attorney was attempting to represent: *Brabham* v. *Custer County,* 3 Neb. Unof. 801 (92 N. W. 989); *Mutual Bldg. L. & I. Co.* v. *Dickinson,* 112 Ga. 469 (37 S. E. 713); *Swift* v. *Thomas,* 101 Ga. 89 (28 S. E. 618); *Breidenthal* v. *McKenna,* 14 Pa. 160. It is manifest therefore, that if Gress, Minnie Brakebush and Karoline Janicke are "adverse parties," this cross-appeal must fail.

2. The term "adverse party" is succinctly defined in *Moody* v. *Miller,* 24 Or. 179 (33 Pac. 402). "An adverse party," within the meaning of this statute,

"is every party to an action, suit or proceeding whose interest in respect to the final determination rendered therein, is or might be in conflict with a modification or reversal of the decision, order, judgment, or decree so given or rendered."

The reasons for holding that Gress, Minnie Brakebush and Karoline Janicke are adverse parties are set

forth in the brief of the Hibernia Savings Bank, as follows:

"Defendant Karoline Janicke claimed to own the land, mortgages upon which were foreclosed in the decree of the lower court and which was directed to be sold and the proceeds applied to the payment of the claims of the Hibernia Savings Bank, of Jubitz and Everett, and of the executrices and the executors of the will of Henry Weinhard, deceased. Deficiency judgments were also secured against Karoline Janicke by Hibernia Savings Bank and by the executrices and executors of the last will of Henry Weinhard, deceased. In the decree, cross-appellant Haase was enjoined from asserting any further claim to the real property in question. In his appeal he is seeking to have his alleged lien on the real property reinstated and given priority over all other liens against said property, and he is also trying to have decreed fraudulent the deed by which Karoline Janicke took title to the real property in question. From this it is apparent that Karoline Janicke was and is an adverse party. If he prevails in his appeal, property claimed by her will be subjected to his lien. If he prevails in his appeal his lien will be decreed prior to those of the other lienholders, thus exhausting the proceeds of the sale of the land that much quicker and making it more likely that she will have to pay the deficiency judgment rendered against her and in favor of the Hibernia Savings Bank and the executrices and executors of the will of Henry Weinhard, deceased.

"Minnie Brakebush to whom the notice of appeal was directed but upon whom, so far as the proof of service shown on the notice indicates, it was not served, is also an adverse party. Deficiency judgments were given against her and in favor of Hibernia Savings Bank and the executrices and executors of the will of Henry Weinhard, deceased. If cross-appellant Haase prevails in his appeal, an additional claim will be imposed upon the fund arising from the sale of the mortgaged property, thus exhausting that fund more

95 Or.—22

quickly and making it more probable that Minnie Brakebush will be forced to pay the deficiency judgments rendered against her.

"No notice of appeal was directed to, nor was any served on George Gress. Deficiency judgments were also pronounced against George Gress in favor of R. G. Jubitz, E. Everett and the executrices and executors of the will of Henry Weinhard, deceased. As with Minnie Brakebush and Karoline Janicke, Gress' obligation to pay these deficiency judgments will arise only in the event that the sale of the mortgage premises will not produce a sum sufficient to satisfy the claims of the Hibernia Savings Bank, Jubitz and Everett and of the Weinhard Estate. If cross-appellant prevails and his lien is placed ahead of those of the bank, of Jubitz and Everett and the Weinhard Estate, then the probability of Gress being forced to pay the deficiency judgments against him will be enhanced. It is clear, therefore, that he would be injuriously affected by the reversal of the decree as asked by cross-appellant Haase. He is an adverse party and no notice having been served upon him the appeal should be dismissed."

This argument appears to be sound and conclusive, therefore the cross-appeal is dismissed.

CROSS-APPEAL DISMISSED.

---

Argued January 20, affirmed March 2, 1920.

ON THE MERITS.

(187 Pac. 1111.)

Department 1.

This proceeding is a consolidation of two suits for the foreclosure of two mortgages which are liens upon the same property, and involving the same parties. On April 30, 1914, the plaintiffs, Jubitz and Everett,

filed their complaint for the foreclosure of a mortgage
upon the property of the defendant Karoline Janicke,
for the sum of $5,000, in which they claimed a benefi-
cial interest to the extent of about $2,000.   There
were a number of parties named as defendants, in-
cluding the executors and executrices of the estate of
Henry Weinhard, deceased.   On April 8, 1915, the
Hibernia Savings Bank filed its complaint in fore-
closure of a mortgage upon the same real property,
making all of the parties to the prior suit parties
defendant.   Upon this appeal, all of the parties
have been eliminated except the plaintiffs Jubitz and
Everett, and the defendants Gress, Brakebush, Jan-
icke, and the representatives of the Weinhard Estate,
and therefore it is necessary to state the issues only
as between these.   The executors and executrices of
the Weinhard Estate will be referred to hereafter, for
brevity, as the Weinhard Estate.   From the plead-
ings, which are somewhat involved, it appears that
early in 1912, the defendants George Gress and Fred
Brakebush entered into a contract with the plaintiffs
whereby they leased from the latter the "Enterprise
Hotel," a rooming-house in Portland, in which, at the
time, there was maintained by the prior lessees, a
saloon for the retail sale of liquors under a liquor
license issued in the name of C. W. Splawn, one of such
prior lessees.   The Weinhard Estate had advanced
the money to Splawn with which to purchase the
license, and the latter and his partner had not repaid
the loan, so when they quit the premises they agreed
to assign the license to any party designated by one
Emil Glutsch, an agent of the Weinhard Estate, who,
as such agent designated the defendants Gress and
Brakebush, to whom it was duly transferred, so that a
new license might be issued to the latter in compli-

ance with the city ordinances governing such trans-
fers, and at the same time there was executed between
them a written contract in which it was recited that
Glutsch was the equitable owner thereof, and that they
were to pay therefor the sum of $2,800 in monthly in-
stallments, and the agreement contained other cove-
nants, among which was that the defendants would
protect the license from lapsing by making the neces-
sary periodical payments to the city. At the same
time there was executed by the defendant Karoline
Janicke, the mother-in-law of Fred Brakebush, a prom-
issory note in the sum of $5,000, secured by a mort-
gage upon certain real property to which she held the
legal title, the note being made payable to the repre-
sentatives of the Weinhard Estate, the mortgage be-
ing the one involved in this litigation. At the same
time another written agreement was entered into by
all of the parties to this appeal, wherein it is recited
that the above-mentioned mortgage was given to se-
cure the performance by Gress and Brakebush of their
agreement in relation to the liquor license and also the
rentals to become due to Jubitz and Everett under the
lease of the Enterprise Hotel. The enterprise of con-
ducting the hotel and saloon was not a success. The
Weinhard Estate filed an answer, setting up its in-
terest in the mortgage as aforesaid, alleging that
Gress and Brakebush had made no payment on the
license, and, by their failure to make the periodical
payments to the city, had allowed the license to lapse,
and therefore asked for a decree in its favor for the
amount due thereon and a sale of the mortgaged
premises.

The defendants answered, contending that the con-
tract between them and Glutsch relating to the liquor
license was in violation of the municipal ordinance

regulating the issue and transfer of such licenses, and therefore contrary to public policy; that the defendant Karoline Janicke is nearly 80 years of age, does not speak or understand the English language, and that at the time she executed the instruments mentioned in the pleadings she did not know what she was signing and that it was represented to her that the instruments were merely a matter of form, to enable Gress and Brakebush to enter into possession of the hotel until the written lease should be prepared and executed, and that her liability was only for such rental as might accrue in the interval pending the execution of the written lease. There is also pleaded a release of the obligation to the Weinhard Estate by a subsequent parol agreement, to the effect that if defendants would handle Weinhard beer exclusively, they would not be required to comply with the terms of their contract in relation to the license; that they accepted this proposition and that they are no longer under any obligation to the Weinhard Estate. It is further averred, as to the claim for rentals, that when they were in arrears thereon, the plaintiffs elected to treat the written lease as breached, and agreed to surrender the security and thereafter to treat the defendants as tenants from month to month, and to allow them credits for moneys expended in repairs and improvements.

A trial being had, there was a decree in favor of the plaintiffs and the Weinhard Estate for the sums found due to each, respectively, and foreclosing the mortgage, and the defendants Gress, Brakebush and Janicke appeal.                                                    AFFIRMED.

For appellants there was a brief over the names of *Messrs. Crawford & Crawford* and *Mr. W. C. Camp-*.

*bell,* with oral arguments by *Mr. Andrew M. Crawford* and *Mr. Campbell.* ·

For respondents there was a brief over the names of *Messrs. Wood, Montague & Hunt* and *Mr. M. M. Matthiessen,* with an oral argument by *Mr. Matthiessen.*

BENSON, J.—The first assignment of error is that the court overruled the demurrers to the complaint and to the Weinhard Estate's cross-complaint. These demurrers are based upon the theory: (a) That there are several causes of suit improperly united; (b) that Emil Glutsch, who as agent of the Weinhard Estate, entered into the option contract for the purchase of the liquor license, is a necessary party; (c) that the complaint discloses that a large part of the consideration for the note and mortgage consists of the transfer of a liquor license in violation of a municipal ordinance, and is therefore against public policy and avoids the entire transaction.

3. As to the first of these contentions, it is sufficient to say that the one cause of suit alleged in the pleadings is the default entitling plaintiffs and cross-complainants to a foreclosure of the mortgage.

4. As to the second point, that Emil Glutsch was a necessary party, it sufficiently appears from the pleadings that he was acting as the agent of the Weinhard Estate, and that this fact was known to the defendants, and that the Weinhard Estate was the real party in interest.

5, 6. The defendants' most serious contention is, that the complaint discloses a contract which is in violation of an ordinance of the City of Portland, and therefore in contravention of public policy. In support of this

contention, defendants direct our attention to a clause in the ordinance which reads thus:

"No retail liquor license shall be granted either by original issue or transfer, to any corporation, copartnership or association of persons, but the same may be granted to the individual members of a firm or copartnership."

It will be observed that the cross-complainant, Louise Weinhard, Anna Wessinger, Paul Wessinger and Henry Wagner, are parties to the suit by virtue of their position as executors of the last will and testament of Henry Weinhard, deceased, who, during his lifetime, was the owner of a brewery. They do not appear in the pleadings as a corporation, or as an association, but as the trustees of the estate of a decedent. It does not appear, therefore, that they come within any of the classes to whom the issuance of a liquor license is prohibited. Nor is there anything in the evidence that brings them within the prohibited classes. It is made to appear that they were not incorporated, nor does it appear that they were an organized association for the carrying on of a business enterprise. The term "association," as used in the ordinance, evidently applied to the legal definition thereof, which in 4 Cyc. 301, reads thus:

"An association may be defined to be a body of persons acting together, without a charter, but upon the methods and forms used by incorporated bodies, for the prosecution of the common enterprise."

The personal representatives of Henry Weinhard, deceased, were not such an organization. After the death of the testator, they continued the business of their testator, under directions and conditions of which we are not advised, and might much more accurately be classed as a copartnership, but in any event, they are

not within the prohibited class, and like partners, they might in their personal capacity, have held a liquor license without violating the law. However, they did not undertake to do so. They advanced the money to Mills & Splawn, to purchase a license, and entered into an agreement with them whereby they held a lien thereon for the repayment of the money so advanced. Mills & Splawn did not repay the money, and subsequently, through Glutsch, acting for the estate, complied with the terms of their contract by assigning their license to Gress and Brakebush, who, in turn assumed the obligation of repaying the money to the estate. It must be borne in mind that the ordinance of the City of Portland, regulating the issue of liquor licenses, made express provisions for the transfer and assignment of such licenses, thereby making such permits a species of property, subject to lawful bargain and sale, and assets which might be subjected to liens: *Deggender* v. *Seattle Brewing & Malting Co.*, 41 Wash. 385 (83 Pac. 898, 4 L. R. A. (N. S.) 626).

7, 8. It is next urged that the defendant Janicke did not know what she was signing, and that the contents of the contracts signed by her were misrepresented to her. This contention is not supported by the evidence.

It is also maintained that no notice was ever given to Mrs. Janicke of the default of Gress and Brakebush. The sufficient answer to this is that the supplemental agreement signed by her expressly waives such notice.

There was some argument by defendants' counsel to the effect that the note and mortgage are not valid, for the reason that no consideration is shown to have passed to Mrs. Janicke for the execution thereof. To this it may be said that the defendants have not pleaded a want of consideration, and therefore cannot now be heard upon that point: 9 Cyc. 737. However, if de-

fendants had pleaded a want of consideration, the evidence discloses that the consideration for the note and mortgage was the leasing of the hotel and the transfer of the liquor license to Gress and Brakebush, and such consideration is ample. In 9 Cyc. 311, the doctrine is formulated thus:

"It is not necessary that a benefit should accrue to the person making the promise; it is sufficient that something valuable flows from the person to whom it is made, or that he suffers some prejudice or inconvenience, and that the promise is the inducement to the transaction."

In conclusion we may say that we have examined the evidence very carefully, and are satisfied that the findings and decree of the trial court are correct. The decree is therefore affirmed.                    AFFIRMED.

McBRIDE, C. J., and HARRIS and BURNETT, JJ., concur.