Argued at Pendleton October 28, appeal dismissed December 21, 1920, rehearing denied January 18, 1921.

## FIRST NAT. BANK *v.* HALLIDAY.

(193 Pac. 1029.)

**Appeal and Error—"Adverse Party" as Respects Notice of Appeal Defined.**

1. An "adverse party," with reference to the requisite of service of notice of appeal under Section 550, L. O. L., is a plaintiff or defendant whose interest in regard to the judgment or decree appealed from is in conflict with a reversal or modification of the judgment or decree sought to be reviewed on appeal.

**Appeal and Error—In Suit to Set Aside Fraudulent Conveyance from Mother to Son, Mother Held "Adverse Party" as Respects Son.**

2. In suit by judgment creditor of a mother to set aside as fraudulent a conveyance by the mother to the son, where the son appealed from a judgment setting aside the conveyance and subjecting the property to the judgment, subject, however, to a lien in favor of the son for money paid upon a superior mortgage and other claims, the mother, who had appeared in the suit, was, as respects the requirement of Section 550, L. O. L., of service of notice of appeal, an adverse party, and where the son did not serve notice of appeal on her, his appeal must be dismissed.

From Malheur: Dalton Biggs, Judge.

In Banc.

In substance, this is a suit against Emma H. Halliday and her foster son, Wilbur A. Halliday, to set aside a mortgage and a subsequent deed of certain real property given by the mother to the son, and to subject the same to the payment of a judgment against her in favor of the plaintiff. The land was subject to the lien of a mortgage in favor of Balfour, Guthrie & Company, about the priority of which there is no dispute. The son asserted the validity of the mortgage and deed from the mother. The result of the litigation in the Circuit Court was a decree setting aside the deed and mortgage and subjecting the realty to the payment of the plaintiff's judgment, subject, however, to a lien in favor of the

son for money paid upon the admittedly superior mortgage of Balfour, Guthrie & Company and for some other claims. From this decree the son appealed, but did not serve the notice thereof upon the mother, although she had appeared in the suit. The plaintiff now moves to dismiss the appeal on that account. APPEAL DISMISSED.

For appellant there was a brief and an oral argument by *Mr. O. B. Mount.*

For respondent there was a brief and an oral argument by *Mr. George W. Hayes.*

BURNETT, J.—1. It is required by Section 550, Or. L., that:

"The party desiring to appeal may cause a notice signed by himself or attorney, to be served on such adverse party or parties as have appeared in the action or suit, or upon his or their attorney * * ."

It is also a rule established by our decisions that an adverse party with reference to the requisite of service of notice of appeal is a plaintiff or defendant whose interest in regard to the judgment or decree appealed from is in conflict with a reversal or modification of the judgment or decree sought to be reviewed on appeal: *Van Zandt* v. *Parson,* 81 Or. 453 (159 Pac. 1153); *French* v. *McKean,* 81 Or. 683 (160 Pac. 1151); *In re Waters of Chewaucan River,* 89 Or. 659 (171 Pac. 402, 175 Pac. 421).

2. According to the complaint and resultant decree, Mrs. Halliday is liable on the judgment against her, to the payment of which it is sought by this suit to subject the property in question. The decree thus provides the means for realizing a fund applicable to the payment of her personal obligation. It does not

appear that she is personally obligated for the lien declared in favor of the son or that she is thus bound to him for any debt whatever. She is apparently satisfied with the decree, not having appealed therefrom, while the son is seeking to increase his lien upon the land, and not only so, but also to give it priority over the judgment against her. A modification of the decree complying with his contention would tend to reduce the fund applicable to the payment of her debt. If satisfaction of his lien, increased as he would have it, should result in the exhaustion of the fund or even in the depreciation of it so that the remainder would not fully satisfy the judgment, she would still remain liable personally for the unpaid balance, and her other property, if she has any, might be subjected to its payment. The conclusion is that there is a possibility that her interest will be affected by a modification of the decree according to the contention of the appealing son. She is therefore an adverse party within the meaning of the precedents cited, and the notice of appeal should have been served upon her as such. For want of this, we have no jurisdiction over the case, and the appeal must be dismissed.

APPEAL DISMISSED.    REHEARING DENIED.