Argued March 29, appeal dismissed June 4, 1929.

M. L. JOHNSON ET AL. v. SHASTA VIEW LUMBER & BOX CO. ET AL.

(278 Pac. 588.)

470

For appellants there was a brief over the names of *Messrs. Manning, McColloch & Driscoll* and *Messrs. McCamant & Thompson,* with an oral argument by *Mr. Ralph H. King.*

For respondents there was a brief over the names of *Mr. J. B. Bacon, Mr. Charles F. Stone* and *Mr. A. E. Reames.*

COSHOW, C. J.—The question presented by the motion to dismiss the appeal is the status of the defendant Shasta View. Appellants claim the possession and ownership of 24 of the 33 piles of the lumber involved by virtue of bills of sale given them by defendant Shasta View and the alleged delivery of the lumber to them. They do not claim absolute ownership but claim the right to possession and the right to sell at private sale said lumber by virtue of said bills of sale. Their further and separate answers do not set out the amount owing to them by their co-defendant Shasta View nor allege any other facts tendering an issue to their said co-defendant. Their sole purpose seems to be to defeat the claim of plaintiffs. Defendant Shasta View was not served with the answer of either of said appellants. Can this court dispose now of this case and do equity without the presence of defendant Shasta View?

Appellants have brought here a copy of the decree together with a writ of execution and return thereof showing that said 33 piles of lumber were sold at public auction by the sheriff as one item, and the

amount bid therefor, to wit: $5,600 was credited upon the judgment in favor of plaintiffs against said Shasta View. The judgment is for $8,158.82, $250 attorneys fees and costs and disbursements. The power of this court over a decree and judgment appealed from the Circuit Court is defined as follows in Section 557, Or. L.:

"Upon an appeal, the appellate court may affirm, reverse, or modify the judgment or decree appealed from, in the respect mentioned in the notice, and not otherwise, as to any or all of the parties joining in the appeal, and may include in such decision any or all of the parties not joining in the appeal, *except a co-defendant of the appellant against whom a several judgment or decree might have been given in the court below;* and may, if necessary or proper, order a new trial."

Defendant Shasta View is a co-defendant against whom a several judgment was actually and lawfully entered. It .is not here so that the court can either affirm, reverse or modify the judgment or decree appealed from so as to include defendant Shasta View. Shasta View is vitally interested in the case. It is the judgment debtor. Its lumber has been sold to satisfy in part the judgment entered against it in favor of plaintiff. This court could not reverse the decree of the Circuit Court without affecting materially the interests of defendant Shasta View. If the court should reverse the decree foreclosing plaintiffs' lien, it would not necessarily follow that the suit should be dismissed or the judgment reversed. Defendant Shasta View by its demurrer admitted the indebtedness claimed by plaintiffs against it. Plaintiffs are entitled to maintain that judgment because defendant Shasta View has not appealed, and appel-

lants are not concerned in that judgment. They might be sufficiently interested in the decree to question its validity if they had set up a sufficient foundation for a lien. Plaintiffs have a right to the benefit of their judgment even if their lien should be set aside. Since the amendment of 1917, a case must not be dismissed because instituted on the wrong side of the court: Or. L., § 390. So if this court should determine appellants are correct in their contention that plaintiffs' lien is invalid plaintiffs' suit should not be dismissed nor the judgment against defendant Shasta View reversed. The court could modify the decree so as to avoid plaintiffs' lien. Defendant Shasta View is therefore vitally interested in the result of the appeal. If plaintiffs' lien should be canceled, and the sale of the lumber annulled, Shasta View would suffer loss of the benefit of the credit.

Plaintiffs necessarily made Shasta View a party defendant. Their suit was not solely for the purpose of foreclosing their lien but also to recover a money judgment against defendant Shasta View. Our statute prescribes for such a judgment in suits to foreclose liens: Or. L., § 442. Our statute requires a judgment to be rendered in favor of all parties having liens on the property covered by the liens: Or. L., § 10249. The language in this section is mandatory. "In such suit judgment must be rendered in favor of each person having a lien for the amount due him," is the language of this section. This section is a part of the act giving owners of timber land liens on logs cut from their premises. The latter is Section 3 of that act and the former is section 14 thereof: 1891 Gen. Laws, pages 118, 120. Appellants did not seek a judgment against defendant Shasta View nor ask to have their liens foreclosed. It did not allege

the amount of indebtedness they claimed defendant Shasta View owed them respectively. The court could not render judgment in their favor for any amount, for there is neither allegation nor evidence to support such a judgment. Defendant Shasta View has received the benefit of the sale of lumber. It must necessarily lose that benefit if the decree and judgment should be reversed. It is, therefore, a party defendant adverse to appellants. An adverse party has been aptly defined as one interested in maintaining the decree or judgment from which the appeal was taken. Defendant Shasta View is entitled to be heard before this court can modify the decree or judgment to its injury. It is not in this court. Appellants, having failed to serve defendant Shasta View, have not conferred jurisdiction on this court to try anew this case: *First Nat. Bank* v. *Halliday,* 98 Or. 649, 650, 651 (193 Pac. 1029).

The motion to dismiss is allowed. The appeal is dismissed. Plaintiffs are allowed their costs against appellants. MOTION TO DISMISS APPEAL ALLOWED.

BELT and BEAN, JJ., concur.

BROWN, J., did not participate.