· Appeal dismissed October 21; rehearing denied November 4, 1941

In re Brooks' Estate

## DOWNING *v.* MAHONE

(118 P. (2d) 103)

Before Kelly, Chief Justice, and Bailey, Lusk, Rand, Rossman and Brand, Associate Justices.

*Elton Watkins,* of Portland, for appellant.
*E. Earl Feike,* of Portland, for respondent.

KELLY, C. J.  On August 31, 1940, Joseph Brooks died intestate in Multnomah, Oregon, leaving real property of the appraised value of $8,422.97, and personal property of the appraised value of $4,022.97.

The record discloses that his only heir at law is his brother, Jay Brooks, of Campbell, California.

On September 3, 1940, claimant and appellant herein, having filed his petition therefor, was appointed administrator of the estate of decedent.

On September 28, 1940, Mattie Alice Baker filed a petition in the circuit court in and for Multnomah county, asking that W. H. Downing, claimant and appellant herein, be removed as such administrator and that said Mattie Alice Baker be appointed administratrix.

On October 3, 1940, a hearing was had upon said last named petition, wherein Mattie Alice Baker was represented by E. Earl Feike and claimant and appellant W. H. Downing was represented by Luther D. Mahone.

On said last named date, October 3, 1940, claimant and appellant was removed as such administrator and said Luther D. Mahone was appointed as administrator of said estate.

On April 17, 1941, a claim in the sum of $680.19 against the estate of said Joseph Brooks, deceased, and in favor of said W. H. Downing was filed herein;

and on said April 17, 1941, an order of the circuit court was made herein which, omitting the title thereof, is as follows:

"Now at this time coming before the court for hearing, the claim of W. H. Downing, which claim had previously been filed by said W. H. Downing and had been rejected by the administrator of said estate. That the administrator, L. D. Mahone and his attorney, E. Earl Feike were present and that W. L. McFarling, attorney for Mattie Alice Baker appeared to make objections to said claim. That the claimant, W. H. Downing failed to appear. After waiting sometime, the court advised that because of the failure of the claimant to make an appearance and lack of proof of the claim, and being duly advised in the premises,

It is hereby ordered and decreed that the claim of W. H. Downing filed against the estate of Joseph Brooks, deceased be, and the same hereby is denied.

Dated this 17th day of April, 1941.

George Tazwell,
Judge."

On the 25th day of April, 1941, said L. D. Mahone filed his final account as administrator of said estate.

In said final account, the following statement appears:

"That Joseph Brooks, deceased, left surviving him a brother, Jay Brooks who inherited all of the estate of said Joseph Brooks, deceased. That the said Jay Brooks has heretofore, towit: on the 5th day of September, 1940, made an assignment of all of his right, title and interest in and to said estate to Mattie Alice Baker, and the said Mattie Alice Baker is now the owner of and entitled to the aforesaid estate;"

On April 29, 1941, a petition was filed in said circuit court for the rehearing of the claim of W. H. Downing, claimant and appellant herein. A controversy then

arose with respect to the propriety of a rehearing. The administrator, L. D. Mahone, filed an affidavit in support of the order of the court denying and disallowing said claim.

Claimant and appellant filed an affidavit in answer to that of Mr. Mahone. We quote a sentence from claimant's affidavit:

"That I further allege that L. D. Mahone had informed me, after I had filed the claim, that the only objection to it was by my sister, Mrs. Baker."

On May 9, 1941, an order of the circuit court was made and entered disallowing said claim. This order of May 9, 1941, is the order from which this appeal is taken.

Omitting the title thereof, we quote from said last mentioned order as follows:

"Heretofore a claim has been filed by W. H. Downing against the estate of Joseph Brooks, deceased, which said claim was rejected and disallowed by the administrator of said estate.

At this time, there came on for hearing, the proof of said claim. The claimant, W. H. Downing appeared in person, and by his attorney, Elton Watkins, the administrator L. D. Mahone appeared in person and by his attorney E. Earl Feike, and Mattie Alice Baker, beneficiary of the estate, appeared in person and by her attorney, W. L. McFarling;" * * *

A motion has been interposed herein by the respondent, L. D. Mahone, administrator, asking that this appeal be dismissed.

One ground upon which this motion is based is that the notice of appeal was not served upon Mattie Alice Baker.

Another ground for the motion is that on January 18, 1941, claimant and appellant was adjudged a bankrupt.

Because of the view we take with respect to the first ground of respondent's motion, it is unnecessary to discuss the second.

The statute provides:

"If the appeal is not taken at the time the decision, order, judgment or decree is rendered or given, then the party desiring to appeal may cause a notice, signed by himself or attorney, to be served on such adverse party or parties as have appeared in the action or suit, or upon his or their attorney, at any place where he or they may be found," etc. Vol. 2, O. C. L. A. pp. 201, 202, section 10-803.

As shown by the above excerpts of the record, Mattie Alice Baker appeared in the proceeding first, by interposing a petition for the removal of claimant as administrator; second, for the purpose of opposing claimant's alleged claim at the time first appointed for hearing said claim; and, third, when the order appealed from was made.

It is urged that Mattie Alice Baker was not an adverse party. The final account of the administrator discloses that she was the assignee of the only surviving heir of descent. Although for two weeks this final account had been filed when the order appealed from was made, Mrs. Baker's interest as thus stated was not challenged or disputed. On the contrary, the court in said order characterized Mattie Alice Baker as beneficiary of the estate.

Moreover, it appears from appellant's affidavit that Mrs. Baker is his sister and that he knew that she was resisting his claim.

■ An adverse party is one whose interest in regard to the judgment or decree appealed from is in conflict with a reversal or modification of the final de-

termination sought to be reviewed. *Silbaugh v. Guardian B. & L. Ass'n,* 164 Or. 286, 297, 97 P. 2d 943, 99 P. 2d 1017, 101 P. 2d 420; *Prudential Loan Co., et al. v. Smith, et al.,* 150 Or. 27, 41 P. 1083, 42 P. 2d 919; *Vaughan v. Kolb,* 148 Or. 491, 501, 37 P. 2d 435; *Parson v. Ranes, et al.,* 148 Or. 197, 35 P. 2d 986; *State ex rel. Mount,* 139 Or. 694, 10 P. 2d 606; *Johnson v. Shasta View L. Co.,* 129 Or. 469, 278 P. 588; *Van Lydegraf v. Tyler, et al.,* 128 Or. 236, 271 P. 740, 273 P. 719; *Laur, et al. v. Walla Walla Irr. Co., et al.,* 118 Or. 520, 247 P. 753; *Re Thomas Prince Estate,* 118 Or. 210, 221 P. 554; *Lidfors v. Pflaum,* 115 Or. 142, 205 P. 277; *First Nat. Bank v. Halliday,* 98 Or. 649, 193 P. 1029; *Jubitz v. Gress,* 95 Or. 332, 336, 175 P. 79; *In re Waters of Chewaucan River,* 89 Or. 659, 171 P. 402, 175 P. 421; *Thomas v. Thurston,* 87 Or. 650, 171 P. 404; *Colby v. City of Portland,* 85 Or. 359, 166 P. 537; *French v. McKean,* 81 Or. 683, 160 P. 1151; *VanZandt v. Parson,* 81 Or. 453, 159 P. 1153; *D'Arcy v. Sanford,* 81 Or. 323, 159 P. 567; *Barton v. Young,* 78 Or. 215, 152 P. 876; *Smith v. Burns,* 71 Or. 133, 135 P. 200, Ann. Cas. 1916A 666, L. R. A. 1915A 1130; *Lane v. Wentworth,* 69 Or. 242, 133, P. 348; *Templeton v. Morrison,* 66 Or. 493, 131 P. 319, 135 P. 95; *State v. McDonald,* 63 Or. 467, 128 P. 835; *Barde v. Wilson,* 54 Or. 68, 102 P. 301; *Conrad v. Pacific Packing Co.,* 34 Or. 337, 342, 57 P. 1021; *Alliance Trust Co. v. O'Brien,* 32 Or. 333, 50 P. 801; *Stuller v. Baker County,* 30 Or. 294, 47 P. 705; *Osborn v. Logus,* 28 Or. 302, 37 P. 456, 28 P. 190, 42 P. 997; *Jackson County v. Bloomer,* 28 Or. 110, 41 P. 930; *Moody v. Miller,* 24 Or. 179, 33 P. 402; *The Victorian,* 24 Or. 121, 32 P. 1040, 41 Am. St. Rep. 838; *Hamilton v. Blair,* 23 Or. 64, 21 P. 197; *Lillienthal & Co. v. Caravita,* 15 Or. 339, 241, 15 P. 280.

In *Re James Neil Estate*, 107 Or. 156, 214 P. 338, this court held that certain persons named in a will, which provided that in case the brother and sisters of the testator could not be located within ten years, then the property willed to the brother and sisters should be divided among said parties named as aforesaid, were not adverse parties in an appeal wherein it was sought to reverse the decree of the circuit court to the effect that a person claiming to be a brother of decedent was such brother. It was not held that the first named persons were not parties. In that case, as in the instant case, the persons who were not served with notice of appeal had appeared and contested the claim at issue. The court in the Neil case held against those who contested the heirship. In the case at bar, the court held in favor of the party who contested the claim in suit.

In *Re Thomas Prince Estate*, supra, an allowance was made by the circuit court in favor of an attorney for service performed. A legatee appeared and contested the claim. An appeal was taken from the order allowing said attorney's fee. This court held that the legatee was not an adverse party for the reason that a reversal or modification of the order on appeal would be beneficial rather than detrimental to such legatee.

Impliedly, in these two cases, re Neil and re Prince, the parties, contesting the claims which were upheld, were deemed to be parties; but manifestly they were not adverse to the purpose sought by the appeal.

In the case of *State v. McDonald*, supra, Messrs. Cochran & Cochran were allowed an attorney's fee by the circuit court. One of these attorneys was not served with the notice of appeal. These attorneys were

neither plaintiffs nor defendants. They had performed services for the state in the case which was an escheat case; and had procured from the trial court an allowance for their services. It was held that,—

"The notice of appeal should have been served also upon all the persons in whose favor allowances were made, for it is not consonant with justice that they should be deprived of the benefits thus adjudged to them without being afforded an opportunity to be heard."

Obviously, it would be equally unjust to deprive the beneficiary of the estate in suit of the effect of the order disallowing plaintiff's claim without affording her an opportunity to be heard.

We are not unaware that in *Kramer v. Marsh*, 49 Or. 417, 90 P. 583, the following language is used:

"An adverse party is a natural or an artificial person by or against whom an action or suit is brought, and whose interest, in relation to the judgment or decree rendered therein, is in conflict with a modification or reversal thereof by an appeal therefrom."

In the Kramer-Marsh case, however, the court was considering whether Lester W. Humphrey, one of the defendants against whom the suit had been brought, was an adverse party; therefore, it was not necessary for the court to have restricted the term, adverse party, to one by or against whom an action or suit is brought. Clearly, the court meant to say that a natural or an artificial person, by or against whom a suit or action is brought and whose interest, in relation to the judgment and decree therein, is in conflict with a modification or reversal thereof by an appeal therefrom, is an adverse party.

In addition to the Oregon cases above cited, where those who had not instituted the cause and against

whom no suit or action had been brought, were deemed parties, and, in some instances adverse parties, we find that the supreme court of the state of Kansas have held an intervener was an adverse party. *White v. Central Mutual Ins. Co., et al., Healzer v. Same,* 149 Kan. 610, 88 P. 2d 1041.

The supreme court of Wisconsin have held that every distributee is an adverse party of appellants entitled to notice of appeal from final order of distribution. *Estate of Sveen,* 202 Wis. 573, 232 N. E. 549.

The supreme court of Utah have said:

"Any aggrieved party may, without joining anyone else, regardless of the character of the judgment against him appeal from the whole or any specific part thereof; but in order to maintain his appeal he must serve notice on all other persons who are interested in opposing the relief which he seeks, and a person who has once appeared in an action is a necessary party to the appeal, unless, after his appearance, he has ceased to have an interest in such action." Commercial Nat. Bank of Ogden v. United States Savings Loan & Building Co., 13 Utah 189, 44 P. 1043, citing Davis v. Mercantile Trust Co., 152 U. S. 590, 14 Sup. Ct. 693; O'Kane v. Daly, 63 Cal. 317, Casey v. Oaks, 13 Wash. 708, 42 P. 621; Adams v. McPherson, 3 Hasbrouck's Ida. Rep. 718, 721, 34 P. 1095.

■ A party to a judgment or decree entitled to service of notice of appeal must have become a party thereto in some manner recognized by law. *Hafer v. Medford & C. L. R. Co., Davis v. Reddy,* 60 Or. 354, 117 P. 1122, 119 P. 337.

The statute provides that any person interested in the estate may apply for the removal of an executor or administrator, who has in any way been unfaithful to or neglected his trust to the probable loss of the applicant, and if the court find the charge to be true,

it shall make an order removing such executor or administrator. Vol. 2, O. C. L. A., p. 560, section 19-222.

■ That is the course pursued in the instant case, and in pursuing it, Mrs. Baker became a party in a manner recognized by law; at least, with respect to the propriety of removing claimant and appellant as administrator.

Moreover, the statute provides that the court shall have the power to hear and determine in a summary manner all demands against any estate which have been rejected by the executor or administrator and shall cause a concise entry of the order of allowance or rejection to be made on the record, which order shall have the effect of a judgment. Ibid, pp. 587, 588, section 19-704.

That course was also pursued in the instant case; and, by her appearance in person and by attorney at the hearings; and from the recital in the court's order to the effect that she had so appeared; and that she was a beneficiary of the estate, we can come to no other conclusion than that she became a party thereto in a manner recognized by law.

It follows that she is an adverse party to this appeal because a reversal or modification of the order of disallowance, which could be made only if the testimony justified the allowance of appellant's claim, would directly reduce the amount which Mrs. Baker would receive from the estate if the order of disallowance remained in effect.

■ "The general rule is that all parties in favor of whom a judgment or decree has been rendered below, or who are interested in having such judgment or decree sustained, or whose interests will necessarily be affected by a reversal or modification of such judgment or decree, and all coparties of appellant or plain-

tiff in error, who are interested, and who are not made coappellants ·or coplaintiffs in error, must be made appellees, respondents, or defendants in error.'' 4 C. J. S., Subject: Appeal and Error, p. 860, section 398.

''This rule has been applied to all intervening parties to a suit.'' Ibid, citing Continental Trust Co. v. Sabine Basket Co., 65 Ga. 591, 141 S. E. 664; Shor v. Hutton, 50 Ohio App. 349, 198 N. E. 192; and 3 C. J. p. 1015, note 91, which cites Swearingen v. McDaniel, 12 ¡Rob. (La.) 203; Kellogg v. Clark, 15 La. 362; Hayden v. Mitchell, (Tex. Civ. Ap.) 24 S. W. 1085; and Fairfield v. Binnian, 13 Wash. 1, 42 P. 632.

This court is aware that decisions upon the merits are far more conducive to confidence in, and respect for, the agencies whose duty it is to administer justice than a decision based upon a motion to dismiss because of failure to serve an adverse party; but the law is our master and no other course is open than to enter an order of dismissal.

The appeal herein is dismissed.