## D'ARCY v. SANFORD.

(159 Pac. 567.)

**Appeal and Error—Necessary Parties—How Determined.**

1. Whether one is a necessary party to an appeal depends not on whether he is adverse to the appealing party, but whether he will be injuriously affected by modification or reversal.

Appeal and Error—Necessary Parties—Notice—"Adverse Party."

2.   Where the maker of a note secured judgment against the as-
signee and the maker's former partner, decreeing the note paid and
canceled for fraud of such partner in securing it and failing to pay
it as agreed, the partner was a necessary and "adverse party," and
notice of appeal, to him, was required under section 550, L. O. L., as
amended by Laws of 1913, page 617, as to notice of appeal.

From Marion: WILLIAM GALLOWAY, Judge.

In Banc.    Statement by MR. JUSTICE HARRIS.

T. R. Sheridan was the president and manager of
the First National Bank of Roseburg until S. A. San-
ford was appointed trustee to wind up the affairs of
the bank.    On March 28, 1904, W. J. D'Arcy signed
a promissory note for $3,673.50, payable to the First
National Bank of Roseburg.    After his appointment
as trustee S. A. Sanford commenced an action on June
30, 1911, against D'Arcy to recover on the note, and
the latter then filed a complaint in equity in the nature
of a cross-bill, and which for convenience will be called
a cross-bill, making S. A. Sanford, T. R. Sheridan and
R. S. Sheridan defendants.

In 1900 D'Arcy and the two Sheridans formed a
partnership to deal in lands.    T. R. Sheridan obtained
moneys for the partnership from time to time from
the First National Bank of Roseburg on the note of
plaintiff and R. S. Sheridan.    The moneys furnished
by the bank were used by T. R. Sheridan in the pur-
chase, in his own name, of lieu land certificates, which
had been originally issued by the state land board of
Oregon.    The national government, however, refused
to approve the selections made by the State of Oregon,
and consequently the lieu land certificates held by
T. R. Sheridan were canceled and all the moneys re-
ceived by the state when these certificates were origi-
nally issued were returned to T. R. Sheridan to whom

the state paid $4,711.99 in 1904, for the certificates held by him.

W. J. D'Arcy filed the cross-bill for the purpose of preventing Sanford from proceeding with the prosecution of the action at law. The plaintiff in this suit alleges in the cross-bill that when the partnership was formed, it was agreed that T. R. Sheridan would supply the money while W. J. D'Arcy and R. S. Sheridan would perform all the services necessary to conduct the business; that when D'Arcy signed the note T. R. Sheridan promised to sign it and also to procure the signature of R. S. Sheridan; that the money returned by the state to T. R. Sheridan belonged to the partnership and was appropriated by Sheridan to his own use; that at all times until June 30, 1911, D'Arcy believed that the other partners had signed the note, and that T. R. Sheridan had paid the note out of the funds received from the state; that all the business with the bank was conducted through T. R. Sheridan, the president and manager, and that, therefore, the bank had full knowledge of all the dealings among the members of the partnership. The court found that:

"At and prior to the time the said defendant T. R. Sheridan received said last-mentioned sum of money from the State of Oregon it was understood and agreed among the members of the said copartnership that he, the said T. R. Sheridan, should apply the same in payment of the said note for $3,673.50 mentioned in the pleadings herein."

And the trial court further found that the bank had full knowledge of all the dealings "among the members of the said copartnership for and on account of the fact that at all the times aforesaid the said defendant T. R. Sheridan was the president and manager of the said First National Bank of Roseburg."

The decree enjoined the further prosecution of the action at law and adjudged:

"That the note mentioned in the complaint in said action at law was fully paid and satisfied long prior to the commencement of the said action at law."

Sanford alone appealed. D'Arcy is the only party to the suit upon whom notice of appeal was served, and he now moves to dismiss the appeal.

MOTION ALLOWED.

*Mr. John A. Carson* and *Mr. Peter H. D'Arcy,* for the motion.

*Mr. John Bayne, contra.*

MR. JUSTICE HARRIS delivered the opinion of the court.

It appears from an affidavit filed on behalf of the appellant that notice of appeal was not served "on any party other than the plaintiff, for the reason that defendant R. S. Sheridan had, in effect, never appeared, and the answer of the defendant T. R. Sheridan shows that he was not adverse to the defendant S. A. Sanford." The appellant claims that R. S. Sheridan did not in fact appear in the suit, and that although the records originally made in the Circuit Court recite his appearance, nevertheless that tribunal had the power at any time to correct the recitals so that they would speak the truth and say that R. S. Sheridan did not appear. It will not be necessary, however, to determine whether the *nisi prius* court could make the correction after an appeal.

1, 2. T. R. Sheridan appeared in the suit by filing a demurrer and then an answer. The decree appealed from prevents the successor of the bank from recover-

ing on the note.    The pleadings admit a partnership
between D'Arcy and the two Sheridans.    If the decree
should be reversed by this court, and it should be ruled
here that Sanford could recover from D'Arcy and
compel him to pay the note, then it is clear that the
latter would have a claim against T. R. Sheridan.
The test is not whether T. R. Sheridan is adverse to
Sanford, but it is whether a reversal or modification of
the decree would injuriously affect T. R. Sheridan:
*Smith* v. *Burns,* 71 Or. 133, 134 (135 Pac. 200, 142 Pac.
352, Ann. Cas. 1916A, 666, L. R. A. 1915A, 1130); *The
Victorian,* 24 Or. 121, 127 (32 Pac. 1040, 41 Am. St.
Rep. 838).    A reversal or modification of the decree
would injuriously affect the interest of T. R. Sheridan,
and service of notice of appeal upon him was essential
to confer jurisdiction upon this court, even though he
is a codefendant with the appellant: *Lane* v. *Went-
worth,* 69 Or. 242, 245 (133 Pac. 348, 138 Pac. 468).
Appellate jurisdiction depends upon service of notice
upon all adverse parties, and therefore the appeal
must be dismissed because notice was not given to
T. R. Sheridan, who is an adverse party within the
meaning of Section 550, L. O. L., amended by Chapter
319, Laws of 1913.

The motion to dismiss the appeal is allowed.

APPEAL DISMISSED.


MR. JUSTICE EAKIN took no part in the considera-
tion of this case.