Argued February 26, appeal dismissed March 12, 1918.

## THOMAS *v.* THRUSTON.

(171 Pac. 404.)

**Appeal and Error—Grantees in Deed—Presumption.**

1. Where sheriff's return upon order to bring in new parties showed that E. had succeeded to rights of M., it will be presumed that E.'s wife, who joined him in demurring to complaint, and who is named as a proper party in assignments of error, is one of grantees in deed executed by M.

**Waters and Watercourses—Use of Water for Irrigation—Rights—Determination.**

2. In suit to establish relative rights to use of water for irrigation, whether a party's interest wholly coincides with that of plaintiffs or defendants is not very important, since a decree applicable to rights of each should be rendered where justified by pleadings and evidence.

**Appeal and Error—Notice of Appeal—Adverse Parties.**

3. As those brought in by due service of court's order and whose demurrers to complaint were sustained were adverse parties as to defendant, whose motion to amend his answer so as to make demurrants defendants in the suit was denied, the Supreme Court acquired no jurisdiction of defendant's appeal from decree after trial where no notice of appeal was served on demurrants in view of Section 41, L. O. L., providing that when a complete determination of a controversy cannot be had without the presence of other parties, the court shall cause them to be brought in, and Section 558, providing that the appellate court may review any intermediate order involving the merits or necessarily affecting the judgment or decree appealed from.

From Lake: Robert G. Morrow, Judge.

Suit by L. G. Thomas, Lewis E. McCulley and Elmer M. McCulley against E. C. Thruston relative to the use of waters of Cogswell Creek. From the decree rendered the defendant attempts to appeal, but no notice of appeal was served on the new parties brought in on motion. The facts are set forth in the opinion of the court.          Appeal Dismissed.

For appellant there was a brief over the names of *Mr. Alfred E. Reames,* in Supreme Court only, and *Mr. L. F. Conn,* with an oral argument by *Mr. Reames.*

For respondent there was a brief and an oral argument by *Mr. W. Lair Thompson.*

Department 1.     OPINION PER CURIAM.

This suit was begun July 22, 1908, to restrain the destruction of a dam built in Cogswell Creek, Lake County, Oregon, at the head of an irrigating ditch which diverted from that stream water and conducted it to the plaintiff's lands where it was used for raising crops. An amended complaint was filed October 22, 1908, and an answer was put in April 5, 1909, when the defendant filed his affidavit, showing that designated persons were asserting rights to the use of water from that creek. The defendant's counsel thereupon moved that the persons so indicated be brought in and made parties, as plaintiffs or defendants. A reply was filed May 10, 1909, when the plaintiff L. G. Thomas submitted a counter-affidavit opposing the making of the persons named as parties. Two days thereafter the defendant filed a supplemental and amended affidavit, indicating the interest of the designated persons in the subject matter of the suit. An order was made by the court December 27, 1910, requiring that there should be brought in and made parties, as plaintiffs or defendants, Anna McGrath, George Barrington, Wm. Barrington, Eliza McCready and D. E. Henderson, or the grantee or successor in interest of either, and that a copy of the order, certified by the clerk, should be served by the sheriff upon the persons so named, who were commanded to appear and plead on or before March 1, 1911. The return of that officer shows that he served a duly certified copy of the order upon H. Vernon and Ed Hartzog, the successors in interest of Anna McGrath; that he also delivered a like copy thereof to all the other persons named therein, except

Eliza McCready who, after diligent search and inquiry, he was unable to find in the State of Oregon, and that he further served a copy of the order on all the original parties to this suit, except the plaintiff Lewis E. McCulley, whom he was unable to find in the state but learned he was absent therefrom. D. E. Henderson on April 3, 1911, filed a disclaimer showing he had never asserted a right to or interest in the use of any of the water in Cogswell Creek. On the 10th of that month Eliza McCready, formerly Eliza Barrington, George Barrington and W. J. Moore, as guardian of the estate of Wm. Barrington, a minor, demurred to the amended complaint, on the ground that it did not state facts sufficient to constitute a cause of suit against either of them. At the same time Hurley Vernon, Elma E. Hartzog and Ed Hartzog, her husband, as the successors in interest of Anna McGrath, also demurred to that pleading for the same reason. Pursuant to a declaration made by the court that all subsequent matters relating to the suit should be submitted to the judge of another Circuit Court, a stipulation was entered into August 29, 1911, by the plaintiffs' attorney and counsel for the parties who had demurred to the amended complaint, that these demurrers should be considered upon briefs by the judge of the Circuit Court for Jackson County at chambers, who was thereby authorized to determine the same and make the necessary orders thereat, whereupon all the papers including written arguments were sent to that judge who, after due examination, made an order sustaining the demurrers. The defendant's counsel on January 10, 1913, served upon all the interested parties a motion for leave to file an amended answer, and asked that his pleading be altered so as to make the parties who had demurred to the amended complaint defendants in the suit. This motion by agree-

ment of the parties was transmitted to the judge of the Circuit Court for Jackson County who, on July 8, 1913, denied the application. Thereafter the cause was tried resulting in a decree from which the defendant undertook to appeal by serving a notice thereof upon the original plaintiffs and their attorney and by giving the required undertaking. The plaintiffs' counsel moved to dismiss the appeal because the notice was not served upon Eliza McCready, George Barrington, Wm. Barrington, W. J. Moore as guardian of the latter, Anna McGrath or Hurley Vernon, Elma E. Hartzog and Ed Hartzog, as successors in interest of Anna McGrath, or D. E. Henderson, or upon either thereof, or upon his or their attorney. This motion was temporarily denied by this court with leave, however, to renew the application at the argument of the cause on the merits, when it was again insisted by plaintiffs' counsel that by reason of the failure thus to serve the notice of appeal upon the persons last named, no jurisdiction of the cause was obtained.

The question to be considered is whether or not the interest of such persons, in relation to the decree which has been brought up for review is in conflict with a modification or a reversal thereof: *The Victorian,* 24 Or. 121 (32 Pac. 1040, 41 Am. St. Rep. 838). See, also, *Van Zandt* v. *Parson,* 81 Or. 453 (159 Pac. 1153), where other like discussions upon this subject are collated. One of the errors assigned in the abstract of the defendant's counsel reads in part:

"That the court erred in denying appellant's motion * * for permission to file an amended answer, setting up appellant's rights as against the new parties, Elma E. Hartzog, Ed Hartzog, Hurley Vernon, George Barrington, William Barrington and Eliza McCready, for the reason that said parties, and each of them, were necessary parties to the adjudication, and without

whose presence the rights of the respective parties, to the waters of said stream, could not be adjudicated.''

''The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court will cause them to be brought in'': Section 41, L. O. L.

1. The defendant's affidavits in support of his motion to bring in other parties describes the real property owned by Anna McGrath, and states that at the commencement of this suit and for four years prior thereto, she and her grantors were using and claiming a right to appropriate a part of the waters of Cogswell Creek to the irrigation of her land, giving the point of diversion as located above the head of the ditch owned by the plaintiffs and the defendant. The return of the sheriff indorsed upon the order to bring in new parties, shows that H. Vernon and Ed Hartzog had succeeded to the rights of Anna McGrath. As Elma E. Hartzog joined her husband Ed Hartzog in demurring to the amended complaint, and as she is also named in the assignment of errors as a proper party, it must be assumed she is one of the grantees named in a deed executed by Anna McGrath or that she succeeded to her interest wholly or in part to the land.

The defendant's affidavit also states that George and William Barrington, who are minors, and Elizabeth McCready own specified parcels of real property, and for more than three years they have been and are using under a claim of right, a part of the waters of the creek in irrigating their lands, by an extension of the Anna McGrath ditch.

The affidavit further shows that D. E. Henderson is the owner of particularly described land and at the

commencement of this suit he was diverting, from a tributary of Cogswell Creek, water and using it under an assertion of right in irrigating his premises by means of a ditch dug further up the stream than the ditches of the plaintiffs and of the defendant.

In *Hough* v. *Porter,* 51 Or. 318 (95 Pac. 732, 98 Pac. 1083, 102 Pac. 728), which was a suit to determine the right to the use of flowing water for irrigation purposes, it was held that under Section 41, L. O. L., the court properly exercised its discretion and was authorized to make an order requiring all interested parties to submit their claims for adjudication.

In *Williams* v. *Pacific Surety Co.,* 66 Or. 151, 155 (127 Pac. 145, 131 Pac. 1021, 132 Pac. 959, 133 Pac. 1186), it was ruled that while at common law only one judgment could be given in favor of all plaintiffs or defendants, the court, under Section 41, L. O. L., might give judgment for or against one or more of several defendants, or for or against one or more plaintiffs, as justice might require, and determine the ultimate rights of the parties between themselves.

2. In a suit to establish relative rights to the use of water for irrigation, while there may be a community of interest between the plaintiffs or the defendants, adverse claims may possibly arise between parties of the same class in which case each becomes an Ishmael, for "his hand will be against every man, and every man's hand against him." In such a suit whether a party's interests wholly coincides with that of the plaintiffs or the defendants is not so very important, since a decree applicable to the rights of each to the use of water for the purpose specified should be made when it is justified by the averments of the pleadings and substantiated by the evidence, even if the final deter-

mination be prejudicial to one or more parties of the same class.

It will be borne in mind that one of the plaintiffs filed an affidavit against the making of an order to bring in new parties. In view of this hostility it is not reasonable to suppose that in the absence of a command by the court to that effect, the complaint would have been amended so as to charge the parties, who were ordered to be brought in with any infringement of the plaintiffs' right to the use of water for irrigation. No alteration having been made in this respect in the plaintiffs' primary pleading, the demurrers interposed thereto by the new parties were necessarily sustained. This action did not leave the defendant remediless and his counsel taking advantage of the situation moved for leave to amend the answer so as to charge the parties who had been brought in with the use of water to his prejudice from the creek for irrigation, which motion was denied. If the notice of appeal had been served upon the new parties, it would have been necessary in reviewing the decree, if the alleged error had been assigned, to consider the action of the court in denying the motion, and if it were found that discretion had been abused in this particular, a reversal of the decree would have been inevitable, and the cause could have been remanded to correct the error, for an appeal brings up all intermediate orders that have been made preceding the final disposition of the cause: Section 558, L. O. L.

3. Pursuant to due service of the court's order, the parties who were thus brought in, except D. E. Henderson, demurred to the amended complaint, thereby appearing in the suit. In sustaining the demurrers, the parties who interposed them remain as such until the decree rendered herein passes beyond the possibility

of a reversal or modification. It is safe to predict that the parties ordered to be brought in opposed a judicial investigation of their alleged rights to the use of the waters of Cogswell Creek. If the notice of appeal had been served upon them and the action of the court in refusing to permit the defendant to amend his answer so as to charge them with interfering with his right to the use of the water of that stream had been set aside, the interests of the new parties in relation to the final determination would necessarily have been in conflict with a modification or reversal sought by the appeal, and hence they are adverse parties, a failure to serve whom with the notice of the appeal, did not confer upon this court jurisdiction of the cause, and for that reason the appeal is dismissed.

APPEAL DISMISSED.