On motion to dismiss appeal of defendant Doering, allowed and appeal dismissed July 20, 1920.

## TEMMINCK v. DOERING.

(191 Pac. 348.)

**Appeal and Error—Defendant Appellant Required to Serve Notice of Appeal on Other Defendants.**

1. Where it is practically conceded that all the defendants, including those brought in by order of the court and at appellants' instance, were proper and necessary parties, it was incumbent on defendant appellant to serve each properly with a copy of the

97 Or.—10

notice of appeal, where not made in open court, under Section 550, subdivision 1, L. O. L., as amended by General Laws of 1913, page 617.

**Appeal and Error—Service of Notice of Appeal on Nonresident Attorneys for a Resident Corporation Ineffective.**

2. Section 550, subdivision 1, L. O. L., as amended by General Laws of 1913, page 617, requires, where appeal is not taken at time of the decision, that appellant shall serve notice on all adverse parties or their attorneys at any place in the state, and an attempted service by mail on attorneys residing without the state, representing a corporation defendant within the state, is of no avail.

[As to parties entitled to notice of appeal, see notes in 13 Ann. Cas. 181; 21 Ann. Cas. 1277.]

From Douglas: JAMES W. HAMILTON, Judge.

In Banc.

This is a motion to dismiss the appeal of defendant H. E. Doering, and is based upon the following facts:

On October 25, 1917, plaintiffs began a suit in the Circuit Court of Douglas County against H. E. Doering to have declared forfeited a certain contract for the purchase of a tract of land in Douglas County, and to quiet the title thereto, and to have the defendants barred and foreclosed of any right or interest therein. It was claimed in the complaint that in 1914 one F. B. Waite, then the owner of the land, had entered into a contract with Doering to sell him the tract, the agreement being set forth in the complaint, and that before the plaintiffs purchased the tract Doering had defaulted in his payments under the agreement, and had no further interest under his contract.

Plaintiffs claimed title through mesne conveyances from Waite to the Balfour Guthrie Trust Co., then from said company to W. B. Robertson, from W. B. Robertson to the Portnomah Land Company, an Oregon corporation, having its office and principal place of business in Portland, Oregon, and from said company to the plaintiffs.

The defendant Doering answered, setting up an equitable title in himself under his contract with Waite, and by way of cross-bill asked equitable relief, and moved to have Waite, Robertson, and the Portnomah Land Company brought in as defendants and necessary parties to the full determination of the suit. They, being so brought in, filed practically identical answers, setting up their own title at the time of purchase by them, and alleging the invalidity of defendant Doering's claim, and the forfeiture of his rights under said contract.

The cause, having been put at issue, came on for trial, and the court rendered a decree foreclosing Doering of all right and interest in said property, unless he should pay to the plaintiffs, within four months, the sum of $42,372, with interest thereon at the rate of 6 per cent per annum from the date of such decree, said sum to be distributed by the court among the parties as their interests might thereafter appear, and that plaintiffs recover from defendants their costs and disbursements.

On October 25, 1919, plaintiffs and the defendants Robertson, Waite, and the Portnomah Land Company, appealed from so much of the decree as required the defendant Doering to pay interest at the rate of 6 per cent on $42,372, from August 27, 1919, and exempting him from the payment of interest on said sum prior to said date, and from a subsequent order overruling a motion by defendant Robertson to correct the original decree, by requiring defendant Doering to pay interest on said sum of $42,372 from September 1, 1914, at the rate of 8 per cent per annum, which appeal is now pending in this court.

On October 27, 1919, defendant Doering filed in the clerk's office a notice of appeal from the whole decree; the return on said notice showing due and

timely service by mail upon all the defendants, except the Portnomah Land Company, and an attempted service by mail upon said company by depositing in the postoffice a copy of the notice, directed to Lee & Kimball, the attorneys for said company, at their residence and postoffice address at Spokane, in the State of Washington.

Plaintiffs move to dismiss the appeal for alleged irregularities in mailing, including the invalidity of the service upon the Portnomah Land Company.

                                        Appeal Dismissed.

*Mr. Oliver P. Coshow, Mr. James L. Conley, Messrs. Lee & Kimball,* and *Mr. Charles F. Hopkins,* for the motion.

*Mr. O. H. Foster* and *Mr. Charles A. Hardy, contra.*

McBRIDE, C. J.—1. It is practically conceded that all the defendants, including those brought in by order of the court, were proper and necessary parties to the suit; indeed, Waite, Robertson and the Portnomah Land Company were brought in at the instance of defendant Doering for that reason. This being so, it was incumbent on him to properly serve each defendant with a copy of his notice of appeal, and in default of such service upon any one of the defendants the appeal must fail: *In re Waters of Chewaucan River,* 89 Or. 659 (171 Pac. 402, 175 Pac. 421); *Thomas* v. *Thruston,* 87 Or. 650 (171 Pac. 404); *D'Arcy* v. *Sanford,* 81 Or. 323 (159 Pac. 567).

2. Service upon a nonresident attorney, outside of the state, was a nullity, where the defendant, upon which such attempted service was made, was an Oregon corporation. Subdivision 1 of Section 550, L. O. L., as amended by Chapter 319, General Laws of 1913, among other things, provides:

"If the appeal is not taken at the time the decision, order, judgment or decree is rendered or given, then the party desiring to appeal may cause a notice, signed by himself or attorney, to be served on such adverse party or parties as have appeared in the action or suit, or upon his or their attorney, at any place in the state, and file the original with proof of service indorsed thereon, with the clerk of the court in which the judgment, decree or order is entered.''

The defendant, Portnomah Land Company, was a resident within the state, and had an office therein, and was therefore, capable of being served within the state. The fact that its resident attorney, Mr. Moody, had removed from the state subsequent to the trial, made it incumbent upon defendant Doering to serve the notice upon such company.

Much as we dislike to dismiss a cause without a hearing on the merits we cannot find any authority for a service upon a nonresident attorney, where the appellee is a resident of the state; and the appeal of this defendant is therefore dismissed.

APPEAL DISMISSED.