DeVORE, P. J.
*1128 *269 This matter comes before the court on a petition to reconsider an order of the Appellate Commissioner granting the state's motion for summary affirmance pursuant to ORS 138.225. The question presented is who decides such a motion when the state reports in the motion that the defendant objects to the motion but the defendant does not file a response to the motion. We grant reconsideration and adhere to the order of summary affirmance.
Defendant was convicted after a jury trial of menacing and unlawful use of a weapon, each based on less than a unanimous verdict.[1] Defendant appealed, assigning error to the giving of an instruction stating that the jury could convict defendant on less than a unanimous verdict,[2] contending that the instruction permitting a nonunanimous verdict violates the Sixth and Fourteenth Amendments to the United States Constitution.[3] The state moved for summary affirmance pursuant to ORS 138.225, asserting that the appeal does not present a substantial question of law, because it is settled law that nonunanimous verdicts do not violate the Sixth Amendment. State v. Bowen , 215 Or. App. 199, 168 P.3d 1208 (2007), modified on other grounds on recons. , 220 Or. App. 380, 185 P.3d 1129, rev. den. , 345 Or. 415, 197 P.3d 1104 (2008), cert. den. , 558 U.S. 815, 130 S.Ct. 52, 175 L.Ed.2d 21 (2009) ( Blakely v. Washington , 542 U.S. 296, 124 S.Ct. 2531, 159 L. Ed. 2d 403 (2004), did not impliedly overrule Apodaca v. Oregon , 406 U.S. 404, 92 S.Ct. 1628, 32 L. Ed. 2d 184 (1972)[4] ); State v. Cobb , 224 Or. App. 594, 596-97, 198 P.3d 978 (2008), rev. den. , 346 Or. 364, 213 P.3d 578 (2009) (adhering to Bowen ). In compliance with ORAP 7.05(1)(d), *270 the state's motion advised the court that the state had contacted defendant's counsel for a position on the motion and that defendant's counsel objected to the motion but did not intend to file a response. Defendant's counsel did not file a written objection to the motion.
The Appellate Commissioner granted the state's motion for summary affirmance, explaining that, for the reasons given in the state's motion, defendant's appeal did not present a substantial question of law. Defendant now seeks reconsideration, contending that he had opposed the motion and, therefore, the Appellate Commissioner lacked authority to grant it. We grant reconsideration to explain why we conclude that the Appellate Commissioner had authority to grant the motion and why we adhere to the Appellate Commissioner's order summarily affirming the trial court's judgment of conviction.
Our reconsideration of the commissioner's order begins with the appellate rule and statute at issue. The state's motion contained a statement required by ORAP 7.05(1)(d) :
"Other than a first motion for an extension of time of 28 days or less to file a brief, a motion must contain a statement whether opposing counsel objects to, concurs in, or has no position regarding the motion. If opposing counsel objects to the motion, the motion must include a statement whether opposing counsel intends to file a response to the motion. If the moving party has not been able to learn opposing counsel's position on the motion, then the motion must so state."
*1129 (Emphasis added.) By its nature, the required statement is made by the moving party of what defendant's counsel said. Even when the recital recounts that defendant's counsel "objects" to the motion, the recital does not presume to speak for defendant or defendant's counsel in asserting opposition or explaining opposition. Because the recital goes on to indicate whether opposing counsel will file a response articulating the nature of the opposition, the recital allows the court either to act immediately (if the moving party reports that defendant's counsel does not intend to file a response) or to wait until defendant's counsel files a response to the motion.
*271 The authority for the state's motion is founded on ORS 138.225. That statute provides for summary affirmance of an appeal that raises no substantial question of law:
"In reviewing the judgment of any court under ORS 138.010 to 138.310, the Court of Appeals, on its own motion or on the motion of the respondent, may summarily affirm, without oral argument, the judgment after submission of the appellant's brief and without submission of the respondent's brief if the court finds that no substantial question of law is presented by the appeal. Notwithstanding ORS 2.570, the Chief Judge of the Court of Appeals may deny or, if the petitioner does not oppose the motion , grant a respondent's motion for summary affirmation. A dismissal of appeal under this section constitutes a decision upon the merits of the appeal."
(Emphasis added.) The first sentence of the statute declares the general rule that the Court of Appeals may, on its own motion or on motion of the respondent on appeal, summarily affirm when the appeal presents no substantial question of law without the respondent having filed a brief and without oral argument. The second sentence, which is the focus of defendant's argument, provides that, notwithstanding the requirements of ORS 2.570 that the court sit in "departments," and that "[t]he concurrence of two judges is necessary to pronounce judgment," the Chief Judge[5] may deny a motion for summary affirmance, or may grant the motion if the petitioner does not oppose it .
The inference to be drawn from the italicized text is that, if the defendant does oppose the motion, the motion may not be decided by the Chief Judge or the Appellate Commissioner, but must be considered by a department consisting of at least two concurring judges. Defendant contends that here, "defendant opposed the motion by objecting and relying on the arguments in his opening brief." Therefore, defendant contends, the Chief Judge and the Appellate *272 Commissioner lacked authority to grant the motion. We disagree.
The legislature enacted what is now ORS 138.225 in 1995. Or. Laws 1995, ch. 295, § 2. That legislation predates a recent amendment of the appellate rule that requires a statement whether defendant's counsel objects to a motion. See ORAP 7.05(1)(d) (effective January 1, 2017, pursuant to CJO 16-051; CJO 16-08). Review of the legislative history of ORS 138.225 does not provide insight into the meaning of the term "oppose a motion." Necessarily, the legislature would not have understood the term to mean the moving party's perfunctory statement as provided by an appellate rule adopted years later.
In ordinary usage, to "oppose" means "to confront with hard or searching questions or objections," "to offer resistance to, contend against, or forcefully withstand." Webster's Third New Int'l Dictionary 1583 (unabridged ed. 2002). Among the more general uses in legal settings, "opposition" is understood to mean "strong disagreement with or protest against a plan, law, system, etc." Black's Law Dictionary 1267 (10th ed. 2014). Those definitions have one common feature: that is, the adversary takes action to resist or protest. To oppose is not a subjective state of mind without action; it is disagreement that the adverse party actively communicates.
That meaning has significance in the unique context of a motion for summary *1130 affirmance.[6] In filing a motion for summary affirmance, the state necessarily argues that the defendant's brief does not present a substantial question of law, to the end that the court should dispose of the appeal without further briefing and without oral argument. In order to meaningfully "oppose" such a motion under ORS 138.225, an appellant must file a response explaining why the arguments in the opening brief do present a substantial question of law, to the end that the state should file a brief and the appeal be orally argued. That is because the arguments in the opening brief only reflect the appellant's *273 opposition to the trial court's ruling but do not necessarily explain why those arguments present a substantial question of law.[7] Neither does the state's minimal recital in its motion under ORAP 7.05(1)(d). The state's recital of defendant's position and indication of whether defendant intends to file a response does not itself constitute defendant's opposition because it does communicate why, in defendant's view, the state is incorrect that the appeal does not present a substantial question of law. When the appellant actively asserts opposition, the court is better able to make an informed decision. We conclude that, in the absence of a defendant's written opposition addressing why the state is wrong that the appeal does not present a substantial question of law, the Chief Judge and, by delegation of authority, the Appellate Commissioner, have authority to grant a motion for summary affirmance under ORS 138.225.
Reconsideration granted; order of summary affirmance adhered to.

Defendant was also convicted of second-degree criminal mischief, based on a unanimous verdict.

The instruction stated, "This being a criminal case, ten or more jurors must agree on your verdict and answer to questions."

Defendant noted that we had previously rejected his argument in prior decisions, but that we may overrule those decisions when there has been an intervening change in the law or our reasoning was plainly wrong. Further, defendant stated that he raised the issue here to preserve objections for potential federal review.

Apodaca , 406 U.S. at 407-14, 92 S.Ct. 1628 (plurality of court holding that the permissibility of less-than-unanimous jury verdicts under Article I, section 11, of the Oregon Constitution does not violate the Sixth Amendment to the United States Constitution, as made applicable to states by the Fourteenth Amendment).

The Appellate Commissioner, to whom the Chief Judge under ORS 2.570(6) and ORAP 7.55(1) has delegated authority, may also decide motions and own motion matters. See also ORAP 7.55(2) (authorizing the Appellate Commissioner to decide a motion for summary affirmance "to the same extent that the Chief Judge could decide the motion under * * * ORS 138.225 * * * or any other statute authorizing summary affirmance").

Our decision is limited to determining the significance of the moving party reporting defendant's position respecting a motion for summary affirmance; our decision is not intended to pertain to other rules or other types of motions.

This case presents a quintessential example. In the abstract, whether a nonunanimous jury verdict violates the constitutional right to a jury trial is undoubtedly a legitimate question of law because the United States Supreme Court in Apodaca decided the issue by plurality opinion only. However, it is not a substantial question of law in this court because this court has published decisions rejecting challenges to the holding of Apodaca. As defendant acknowledges in his brief, he challenges the constitutionality of nonunanimous jury verdicts, as he must, to preserve the issue in the event that he later seeks relief on the same issue in federal court. This case does not present, and we do not decide, whether nonunanimous verdicts violate the constitution in some other manner.