No. 694          October 2, 2024          305

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Julia FOLLANSBEE
and Ronald Braatz, husband and wife;
Mike Schrader and Diane Schrader, husband and wife;
Gary Bell, individually;
Scott Goodrich and Lee Goodrich, husband and wife;
Susan Inman, individually; Mike Crabtree, individually;
Alec Hamilton, individually;
David and Christy DeCourcey, husband and wife;
and John and Connie Thomas, husband and wife,
*Plaintiffs-Respondents*
*Cross-Appellants,*

*v.*

James OOI,
individually,
*Defendant-Appellant*
*Cross-Respondent,*
*and*

Gretchen MILLER,
individually and
managing member of M & B Family Farms, LLC,
an Oregon Limited Liability Company;
M & B Family Farms, LLC; Deschutes County;
and H & H Holdings, Inc.,
dba Compass NW Construction,
*Defendants*
*Cross-Respondents,*
*and*

Linda WALLACE,
individually et al.,
*Defendants.*

Deschutes County Circuit Court
20CV40559; A181885

Raymond D. Crutchley, Judge.

On respondent's M & B Family Farms-Miller's motion for reconsideration filed December 11, 2023, and respondent's OOI Joinder to M & B Family Farms motion filed December 15, 2023; and appellant's response filed December 18, 2023.

Eileen I. McKillop and Hawkins Parnell & Young, LLP for motion.

Janis White and Fidelity National Law Group for joinder.

William H. Sherlock for response.

Before Egan, Presiding Judge, and Pagán, Judge.

PAGÁN, J.

Reconsideration allowed; prior order adhered to.

## PAGÁN, J.

The question before us, on a motion to reconsider an order of the Appellate Commissioner, is whether ORS 19.270 requires dismissal of an appeal in its entirety when service of a notice of appeal is defective as to less-than-all parties required to be served with the notice of appeal. On reconsideration, we adhere to the Appellate Commissioner's prior order dismissing the appeal as to the unserved party only. *See* ORAP 7.55 (providing for reconsideration of a decision of the Appellate Commissioner).[1]

Our analysis in reaching the appropriate outcome in the case is dependent on the following, tiered conclusions. First, a party identified as adverse in the notice of appeal must be properly served with the notice of appeal in order for us to have jurisdiction over that party. Second, when service is not made on all parties identified in the notice of appeal as adverse, dismissal of the entire appeal may be warranted based on the potential prejudice to the court or the parties. The prejudice to be analyzed is twofold: the procedural prejudice (the potential unfairness from the lack of timely notice) and the substantive prejudice (the potential unfairness if the appeal proceeds as to less-than-all interested parties).

Under the facts of this case, we first conclude that the Appellate Commissioner was correct in determining that the attempted service of the notice of appeal was defective as to one of the parties identified as adverse in the notice of appeal and that, therefore, the court lacks jurisdiction as to that party. And second, we conclude that the potential prejudices—both procedural and substantive prejudice—do not warrant dismissal of the appeal in its entirety. As might be inferred, this matter involves complex cross suits and motions among several parties. We will first discuss the somewhat complex procedural background and then begin the analysis as noted above.

*Background*

In the underlying case, plaintiffs brought a property dispute case against, among others, James Ooi, Gretchen

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.

Miller, and M&B Family Farms, LLC (together, defendants). Ooi is the owner of a piece of real property that is a subject of the underlying dispute. That property is leased by M&B (of which Miller is the sole member) and is M&B's identified principal place of business. The trial court entered a limited judgment that contained a multitude of rulings—some favorable to plaintiffs and some favorable to defendants. Ooi initiated this appeal from that limited judgment. Soon after, plaintiffs filed their own notice of appeal from that same limited judgment; this is the notice of appeal at issue here.[2] Plaintiffs' notice of appeal contains a list of "parties to this appeal" and, under the heading "[r]espondents," identifies, among others: Ooi, Miller, and M&B. A certificate of service is attached to the notice of appeal, which asserts that service was made on defendants through specific attorneys and lists the physical addresses at which the attorneys were served.

Undisputedly, service of the notice of appeal is a jurisdictional requirement. ORS 19.270(1) provides that "[t]he Court of Appeals has jurisdiction of the cause when the notice of appeal has been served and filed as provided in ORS 19.240, 19.250 and 19.255." ORS 19.270(2) provides, in relevant part:

"The following requirements of ORS 19.240, 19.250 and 19.255 are jurisdictional and may not be waived or extended:

"(a)   Service of the notice of appeal on all parties identified in the notice of appeal as adverse parties or, if the notice of appeal does not identify adverse parties, on all parties who have appeared in the action, suit or proceeding, as provided in ORS 19.240(2)(a), within the time limits prescribed by ORS 19.255."

See ORS 19.240(2) (stating that the appeal "shall be taken by causing a notice of appeal" be served on, among others, "all parties who have appeared in the action, suit or proceeding"); see also Banerjee and Fiorillo, 310 Or App 446, 453, 485 P3d 920, rev den, 368 Or 787 (2021) ("[I]t is well

---

[2] For ease of reference, we refer to plaintiffs' notice of cross-appeal as a "notice of appeal." The fact that this case involves a notice of cross-appeal, rather than a notice of appeal, does not change the substance of our analysis. See ORS 19.005(3) ("'Notice of appeal' includes a notice of cross-appeal.").

established that improper service deprives us of jurisdiction to hear an appeal.").[3]

After plaintiffs filed their notice of appeal, in which they named defendants as adverse parties to the appeal, defendants moved to dismiss the appeal on the ground of improper service. In their motion to dismiss, which was considered and decided by the Appellate Commissioner, defendants argued that Miller and M&B were not properly served with the notice and that, therefore, the appeal must be dismissed in its entirety. Defendants based their argument on the following logic: Because service is a jurisdictional requirement, under ORS 19.270, a service defective as to *any* party identified as adverse in the notice of appeal deprived the court of jurisdiction over the entire appeal. In opposition, plaintiffs argued that all parties had been properly served and, thus, that dismissal of any party they had named as a respondent was inappropriate. In the alternative— in the event that the court deemed service improper as to some, but not all parties—plaintiffs argued that the appeal should proceed as to the properly served parties. In an order of partial dismissal, the Appellate Commissioner concluded that Miller had been properly served with the notice of appeal, but that M&B had not. The Commissioner rejected defendants' argument that the appeal must be dismissed entirely based on this deficient service and, instead, ordered the appeal be dismissed as to M&B only.

Now, defendants move for reconsideration, re-asserting that the jurisdictional requirement of service in ORS 19.270 requires us to dismiss plaintiffs' appeal entirely based on plaintiffs' failure to serve M&B, a party identified as adverse in the notice of appeal. Plaintiffs respond in opposition.

*Analysis: Proper Service and Jurisdiction*

Before turning to these arguments, we first address whether M&B was ever properly served with the notice of

---

[3] Plaintiffs made one attempt to file the notice of appeal within the statutory time limit. *See* ORS 19.255(3) ("Any other party who has appeared in the action, suit or proceeding, desiring to appeal against the appellant or any other party to the action, suit or proceeding, may serve and file notice of appeal within 10 days after the expiration of the time" in which the appellant had to file their original notice of appeal.).

appeal.[4] We agree with the Appellate Commissioner that it was not and that, therefore, we lack jurisdiction as to it.

Along with the jurisdictional requirement of service of the notice of appeal generally, it is a jurisdictional requirement that service be made on a represented party's attorney. ORS 19.500 (despite exceptions not relevant here, "when any provision of this chapter requires that a document be served and filed, the document shall be served in the manner provided in ORCP 9 B *** and who are not represented by the same counsel as the party serving the document"); ORCP 9 B (requiring service on a represented party's attorney); *J. A. H. v. Heikkila*, 355 Or 753, 754, 758, 333 P3d 275 (2014) (actual notice of the appeal by a party does not satisfy the jurisdictional requirement in ORCP 9 B that the notice of appeal be served on a represented party's attorney).

Here, the notice of appeal lists three attorneys as representing Miller and one attorney as representing M&B. The only attorney listed for M&B is Eileen McKillop, who is also listed as one of the three attorneys for Miller. On reconsideration, it is undisputed that Miller was properly served with the notice of appeal through one of her other her attorneys listed on the notice (not through McKillop). It is also undisputed that the notice of appeal certified that service was made on an incorrect address for McKillop and that, therefore, service was never effectuated on McKillop.

In response in opposition to defendants' original motion to dismiss, plaintiffs argued that despite their failure to serve McKillop, they had effectuated service on M&B because "M&B received timely service through Miller *** as its registered agent (and sole member)." The Appellate Commissioner rejected that argument, concluding that "[a]lthough Miller, as a party, was served through service on her attorney, that service does not extend to M&B." According to the Commissioner, "to properly serve M&B, service was required to be made on McKillop. That did not happen; the notice of appeal was not sent to McKillop's last

_____

[4] We address this argument because, in their response to the motion for reconsideration, plaintiffs assert that they "do not intend to waive arguments that M&B was timely served with [the] notice of cross-appeal ***."

known address." The Commissioner dismissed the appeal as to M&B based on that conclusion.

We agree with the Appellate Commissioner that because service of the notice of appeal was defective as to McKillop—M&B's only counsel of record—plaintiffs failed to serve the notice of appeal on M&B. Thus, even though M&B was *named* in the notice of appeal as an adverse party, it was not timely *served* with the notice. Because M&B is "entitled to the concurrence of both *adequate* and *timely* notice," *Jeffries v. Mills*, 165 Or App 103, 113, 995 P2d 1180 (2000) (emphasis in original), the court lacks jurisdiction over the appeal as to M&B.

*Analysis: Scope of Jurisdiction*

Having established that the court lacks jurisdiction as to M&B, the remaining question is whether, based on the improper service of M&B, the court lacks jurisdiction over the appeal entirely, necessitating dismissal of the appeal. As explained below, we conclude that the court lacks jurisdiction only as to M&B and, therefore, adheres to the Appellate Commissioner's order dismissing plaintiffs' appeal as to M&B only.

In their motion for reconsideration, defendants argue that the Appellate Commissioner erred in declining to dismiss the appeal in its entirety because under ORS 19.270, "[i]t was incumbent on [plaintiffs] to properly serve all adverse parties identified in the notice of appeal, and failure to service one adverse party with the notice of appeal deprives the court of jurisdiction and the appeal fails." Plaintiffs request that we adhere to the Appellate Commissioner's prior order of partial dismissal and "allow the appeal to proceed to the merits against the parties other than M&B."[5] Plaintiffs concede that timely service of a notice

---

[5] We are not persuaded by plaintiffs' request that we deny reconsideration based on the lack of a statement of conferral in the motion for reconsideration. *See* ORAP 7.05(1)(d) (other than an exception not relevant here, "before filing a motion, the moving party must make a good faith effort to confer with the other part[ies]" and "state the position(s) in the motion"); ORAP 6.25(5) ("A motion for reconsideration is subject to ORAP 7.05 regarding motions in general."). As this court has made clear, the statement of conferral "allows the court either to act immediately (if the moving party reports that defendant's counsel does not intend to file a response) or to wait until defendant's counsel files a response to

of appeal is jurisdiction under ORS 19.270. However, plaintiffs argue that the service requirement in ORS 19.270(2) "is jurisdictional in the sense that failing to perfect an appeal as to *one party* deprives the court of jurisdiction over challenges to the portions of the judgment that dispose of the claims for or against *that party*." (Emphases in original.)

In support of their argument that ORS 19.270 requires dismissal of an entire appeal, defendants cite to a host of cases. According to defendants, the cases support their argument because they show the Oregon appellate courts "grant[ ] a motion to dismiss an appeal against all of the respondents when one of the respondents was not served with * * * a copy of the notice of appeal." *See, e.g.*, *Parson v. Ranes*, 148 Or 197, 35 P2d 986 (1934); *Johnson v. Shasta View L. Co.*, 129 Or 469, 278 P 588 (1929); *Adams et al. v. Kennard et al.*, 122 Or 84, 227 Or 84 (1924); *First Nat. Bank v. Halliday*, 98 Or 649, 193 P 1029 (1920); *Temminck v. Doering*, 97 Or 145, 191 P 348 (1920); *In re Waters of Chewaucan River*, 89 Or 659, 663, 171 P 402 (1918); *Thomas v. Thruston*, 87 Or 650, 171 P 404 (1918); *D'Arcy v. Sanford*, 81 Or 323, 159 P 567 (1916). Further, defendants cite to a Minnesota appellate court case, *Banal-Shepherd v. Shepherd*, 829 NW2d 426, 427 (Minn Ct App 2013), in support of their contention that "[o]ther courts around the country that have addressed this same issue have ruled that the failure to serve all adverse parties with the notice of appeal deprives the court of appeals of jurisdiction and have dismissed the appeal as to all respondents."

We agree with plaintiffs that a closer examination of the cases betrays a more nuanced analysis. Defendants, in arguing that the failure to serve a party named in the notice of appeal requires dismissal of the appeal entirely, rely exclusively on cases decided in the context of a service statute that required service on *all* adverse parties that had

---

the motion." *State v. Ibarra*, 293 Or App 268, 270, 427 P3d 1127, *rev den*, 364 Or 207 (2018). Here, we took no action on the motion for reconsideration until after the response in opposition to the motion was filed.

We are also unpersuaded by plaintiffs' argument that M&B, "having been dismissed a party to the appeal, * * * has no standing to complain about the scope of the decision." Under ORAP 6.25, a dismissed party has the ability to seek reconsideration of an order dismissing it.

appeared in the underlying proceeding. *See, e.g.*, The Codes and General Laws of Oregon, title IV, ch VI, § 527 (Hill 1887) (requiring "a notice to be served on the adverse party"); ORS 19.023(2) (1959) (requiring service of a notice of appeal "on such adverse party or parties as have appeared" below).[6]

Our interpretation of the current version of the service statute, as compared to our earlier case law, diverts based on intervening amendment to the statutory text. While the initial version of Oregon's service statute was in effect, in determining whether a party met the definition of "adverse" in the precursor to ORS 19.270, the court scrutinized the potential prejudice that would result if the appeal were to proceed without the unserved party. *See, e.g.*, *Morey, Administratrix v. Redifer et al*, 204 Or 194, 195, 264 P2d 418 (1953) ("An adverse party within the meaning of the statute is a party whose interest in relation to the judgment is in conflict with the modification or reversal sought by the appeal."); *Lillienthal & Co. v. Caravita*, 15 Or 339, 341, 15 P 280 (1887) (concluding that the defendant was not "adverse" because "the only relief which is sought by this appeal, can be granted without in any manner affecting the interests of the defendant not served"). During the time the service statute required service on all adverse parties, if the court determined any improperly or unserved party qualified as "adverse" to the appeal, it would dismiss the appeal in its entirety. *See, e.g.*, *Hunter v. Allen*, 174 Or 261, 286, 148 P2d 936 (1944) ("This view of the circumstances impels us to the conclusion that [the unserved party] was a necessary adverse party and that service of notice of appeal upon her was essential to the jurisdiction of this court."); *Lidfors v. Pflaum*, 115 Or 142, 144, 205 P 277 (1922) ("The litigants agree to the principle that this court has no jurisdiction to revise the judgment of a circuit court unless the notice of appeal is served upon all the adverse parties.");

---

[6] This initial version of the service statute was amended in 1973 to eliminate any requirement of adversity and, instead, required service on *all* parties that had appeared below. Or Laws 1973, ch 207, § 3 (requiring service of a notice of appeal "on all parties as have appeared" in the underlying proceeding). This version was in effect until the statute was updated to its current form in 1985. *See* Or Laws 1985, ch 734, § 5. However, the version of the service statute in effect between 1973 to 1985 is not discussed by the parties and, in any event, does not change our analysis.

*In re Waters of Chewaucan River*, 89 Or at 667 (asserting that, when the case was decided in 1918, it had been "long established" that "to give it jurisdiction to act, the notice of appeal must be served upon every adverse party"). Thus, prejudice was a necessary component to the court interpreting the jurisdictional bar created by the early version of the service statute, which required service on *all* adverse parties.

On the other hand, during this period, if the court determined that an unserved or improperly served party was not "adverse" to the appeal, the court could dismiss the case as to that party only. *See Morey, Administratrix*, 204 Or at 196 (concluding the parties moving for dismissal were not "adverse" at all because they were "neither necessary nor proper parties to this appeal" and, thus, granting the motions to dismiss the appeal as to them only).

As to the Minnesota case to which defendants cite for support, *Banal-Shepherd*, this case too relies on a service statute remarkably similar to Oregon's original service statute. The Minnesota court made clear that service on *all* adverse parties is a jurisdictional requirement under Minnesota's service statute and, pursuant to that reading of the statute, the court underwent an analysis to determine whether an unserved party qualifies as "adverse" to the appeal at all. *Banal-Shepherd*, 829 NW2d at 428 ("Timely service of the notice of appeal on each adverse party is a jurisdictional requirement."); *id.* ("An 'adverse' party is a party who would be prejudiced by a reversal or modification of an order, award, or judgment."). The Minnesota court determined that the unserved party was "adverse" to the appeal and, based on that conclusion, dismissed the appeal entirely. *Id.*

The initial version of Oregon's service statute is in contrast with the current version of the statute, adopted in 1985. Or Laws 1985, ch 734, § 5. In its current form, the statute only requires service on those parties that are "identified" as adverse in the notice of appeal or, in the alternative, "if the notice of appeal does not identify adverse parties, on all parties who appeared in the action, suit or proceeding." ORS 19.270(2); *see Riddle v. Eugene Lodge No.*

*357*, 95 Or App 206, 210-11, 768 P2d 917 (1989) ("The [service] statute was amended in 1985 to provide for service only on named adverse parties in order to end the practice of dismissing timely appeals because of a failure to serve parties who had been dismissed earlier in an action and who had no active interest in the litigation."); *Maduff Mortgage Corp. v. Deloitte Haskins & Sells*, 83 Or App 15, 21, 730 P2d 558 (1986), *rev den*, 303 Or 74 (1987) (The 1985 amendment changed the service statute "to provide that, when a notice of appeal designates adverse parties, the failure timely to serve notice of appeal on other parties who appeared in the action is not a jurisdictional defect."); *Rhodes v. Eckelman*, 302 Or 245, 249, 728 P2d 527 (1986) ("The 1985 amendment was meant to alleviate the harsh consequences that often occurred when an otherwise timely notice of appeal was found to be defective because one of multiple parties— usually, one that had been removed from the case at the pleading stage—had not been served.").

Thus, under ORS 19.270, a party seeking dismissal of an entire appeal based on inadequate service on less-than-all parties on which service was required must establish that, under the circumstances of the case, prejudice is likely to arise to such a degree so as to warrant dismissal of the entire appeal. Our case law establishes two types of prejudice analyses for such a determination. The first analysis focuses on procedural prejudice; that is, the potential procedural unfairness that might arise from the failure for a party or the court to receive timely notice of the appeal. The second analysis focuses on substantive prejudice; that is, the magnitude of the unserved party's rights affected by the appeal proceeding on its merits. Applying both analyses to the present facts, it is clear that the potential prejudices are insufficient to warrant dismissal of the entire appeal.

*Analysis: Procedural Prejudice*

One case in particular, *Jeffries*, 165 Or App 103, compels a procedural prejudice analysis (*i.e.,* whether prejudice will result to the parties or the court from the service deficiency itself) to cases involving service on less-than-all parties required to be served with the notice of appeal. In *Jeffries*, the service deficiency at issue was inverse to the

one at issue in this case: the party dismissed by the *Jeffries* court was served with the notice of appeal, but never named as an adverse party, *id.* at 109, while, here, M&B was named as adverse party and never served with the notice of appeal. The question before the *Jeffries* court was "whether the failure to designate" the party who had been served with the notice "*as adverse*" in the notice of appeal "was jurisdictional." *Id.* (Emphasis in original.) In determining that the proper disposition was dismissal of the judgment entered in favor of the undesignated party only, the court reasoned that the party "could reasonably conclude from the designation that he was *not* a party to the appeal," which was the case because "despite being served, the party receiving the notice of appeal is not reasonably on notice that his or her rights in the judgment may be affected by the appeal." *Id.* at 113 (emphasis added).

Here, as the Appellate Commissioner concluded when applying the *Jeffries* procedural analysis in the underlying order, we similarly conclude that dismissal of the appeal its entirety is not warranted. Defendants argue that the Commissioner erred in relying on *Jeffries* for support in the order of partial dismissal and attempt to distinguish the case, arguing that the difference of the nature of the service deficiency—*i.e.*, that M&B was *named* in the notice of appeal but was not timely *served* with it—warrants dismissal of plaintiffs' appeal in its entirety. We are not persuaded. Here, in analyzing the prejudice that might result from the service deficiency itself, we conclude that this is an insufficient basis to dismiss the entire appeal. The deficiencies in the notice in *Jeffries* deprived the other parties and the court from receiving timely notice that the undesignated party's right may be affected by the appeal. The *Jeffries* court concluded that, based on the failure to receive timely notice regarding the intent to bring the appeal against the undesignated party, the proper disposition was dismissal of the undesignated party only, not dismissal of the appeal in its entirety.

In this case, the chance of procedural prejudice resulting to the named respondents or the court is even less likely than the identified risk of procedural prejudice

in *Jeffries*. That is because in this case, despite the service deficiency (the failure to serve M&B after it was named in the notice of appeal), the other named respondents and the court were reasonably on notice that M&B's rights in the limited judgment might be affected by the appeal. The filing of the notice of appeal (not service of it) put the other parties and the court on notice of the intended adverse parties to the cross-appeal and neither of the other parties to the appeal nor the court are prejudiced by the naming of the unserved party, M&B, in that notice.

*Analysis: Substantive Prejudice*

Because we conclude that the potential procedural prejudice from the service deficiency in this case does not warrant dismissal of the entire appeal, we next turn to the substantive prejudice analysis. While our court has not explicitly addressed whether a substantive prejudice analysis applies in this circumstance, our jurisprudence strongly suggests it does. *Cf. Zacker v. North Tillamook County Hospital Dist.*, 312 Or 330, 335, 822 P2d 1143 (1991) (The 1985 amendment, eliminated the need to serve all parties who appeared below, "on the rationale that the failure to serve *an uninterested party* should not deprive the appellate court of jurisdiction." (Emphasis added.)); *Maduff Mortgage Corp.*, 83 Or App at 21 (stating that "the purpose" of the 1985 amendment to the service statute, "was to eliminate as a jurisdictional requirement timely service of notice of appeal on parties who no longer had *an active interest* in the litigation" (emphasis added)). Consistent with the court's history of inquiring into the opportunity of a party who appeared below to have a fulsome appearance on appeal, we hold that a substantive prejudice analysis is warranted when determining whether to allow an appeal to proceed without an unserved, but named, party.[7]

---

[7] This conclusion is supported by the testimony in support of the 1985 amendment to the service statute, House Bill (HB) 2205 (1985), which updated the service statute to its current form. The Oregon Judicial Department (OJD) proposed HB 2205 and Jim Nass, Legal Counsel to the Supreme Court and the Court of Appeals at the time, testified in support of the bill at the House Judiciary Subcommittee, stating that "if someone who should have been served with the copy of the notice is not served with the copy of the notice, moves to dismiss the appeal as to him or her or it, the court—assuming the party can show prejudice—could but would not have to—dismiss the appeal." Tape Recording, House

Applying the substantive prejudice analysis to this case, as explained further below, we conclude that the magnitude of M&B's rights affected by a reversal or modification of the limited judgment from which the appeal does not warrant dismissal of the appeal in its entirety.

The limited judgment—which is the subject of both defendants' appeal and plaintiffs' cross-appeal—dismissed certain plaintiffs for lack of standing and dismissed with prejudice specific property claims brought by the remaining plaintiffs against defendants. The limited judgment also denied plaintiffs' request for attorney fees and stated that "[d]efendants Ooi, Miller and M&B are entitled to reasonable attorneys' fees and costs under ORS 30.938 * * *."[8]

According to plaintiffs, "[a]llowing the appeal to go forward as to the dismissal of the claims against Miller and Ooi only, will not prejudice M&B's rights" because M&B "has no legal interest in any of the real property at issue here" as the lessee of Ooi's property. On the other hand, defendants argue that M&B will be prejudiced by the appeal proceeding without it, they state that "M&B clearly has legal rights that will be affected by Plaintiffs' cross-appeal" and that "[plaintiffs'] cross-appeal is of the Limited Judgment, which dismissed all of [plaintiffs'] claims against Ooi, M&B, and Miller[.]" We disagree with defendants position.

---

Judiciary Subcommittee, HB 2205, Mar 26, 1985, Tapes 291 and 293 (testimony of OJD representative Jim Nass). Further, Nass explained, "the case could proceed with that party not being a party to the appeal, which would mean the court could not affect any interest of that party, but if the prejudice were of such a magnitude, the court would have the power to dismiss the entire appeal." *Id.*

[8] We note that the limited judgment did not provide for the amount of fees to be awarded to defendants and, thus, the trial court entered a subsequent, supplemental judgment setting the amount of attorney fees and costs. Plaintiffs proceeded to file an amended notice of cross-appeal from the supplemental judgment. *See* ORS 20.220 (2) ("If an appeal is taken from a judgment under ORS 19.205 before the trial court enters a judgment [awarding attorney fees or costs and disbursement], any necessary modification of the appeal shall be pursuant to rules of the appellate court."); ORAP 2.20(2)(a) ("If the trial court enters a supplemental judgment awarding attorney fees or costs and disbursements * * * after the notice of appeal has been filed, and if the appellant intends to challenge the supplemental judgment on appeal, the appellant, within 30 days after entry of the supplemental judgment, shall serve and file an amended notice of appeal from the supplemental judgment."). Plaintiffs' amended notice of appeal from the supplemental judgment names Ooi, Miller, and M&B as adverse parties and certifies service on them. That notice of appeal is not at issue in defendants' motion for reconsideration and is, therefore, not addressed by this opinion.

In this case, without proper service of plaintiffs' notice of appeal, M&B never became a party to the appeal. Once the statutory time limit ran in which plaintiffs had to file a notice of cross-appeal, under ORS 19.255(3), the rulings in the limited judgment that are the subject of the appeal became final as to M&B. *See, e.g., Adams et al. v. Kennard et al.*, 122 Or 84, 96, 227 P 738 (1924) (concluding that a judgment dismissing the suit as to the defendants that was never appealed within the jurisdictional time limit, the judgment was "final" as to them and, "[b]eing thus final, it constitutes a bar in favor of [defendants] and against plaintiff as to any further litigation of the issues involved in this suit"). Therefore, this court lacks jurisdiction to review the trial court's rulings that dismiss plaintiffs' property claims against M&B. As a bar to further litigation of these issues against M&B, no prejudice will result to M&B as being excluded from challenging these rulings. Because these rulings are divisible from the other rulings contained in the limited judgment and because defendants do not assert that prejudice will result to any *served* party, we conclude that a decision by this court reversing the rulings over which it has jurisdiction—the rulings contained in the limited judgment as to defendants other than M&B—is slight (if not altogether inconsequential) to M&B's rights.

Therefore, dismissal of plaintiffs' entire appeal is not appropriate under either prejudice analysis; the potential prejudice to any party or the court is not of such a magnitude to warrant dismissal of plaintiffs' appeal in its entirety.

Reconsideration allowed; prior order adhered to.